ROBINSON vs. EAGLE and wife.

1. HUSBAND AND WIFE: *Take land by entireties.*

At common law, husband and wife are seized of the entirety in land conveyed to them jointly; and upon the death of one of them, the estate remains to the survivor.

2. — SAME: *Construction of statutes and constitution of 1868.*

The rule of the common law is not changed by our statute or the constitution of 1868. The latter, art. XII, sec. 6, only relates to the separate property of the wife, and was intended merely to preserve it from liability for the debts of the husband.

APPEAL from *Prairie* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*Clark & Williams*, for appellant.

*E. H. English*, for appellee.

WITHERSPOON, Sp. J. This cause was decided at the April term of the Prairie circuit court, 1873, by the Hon. JOHN WHYTOCK, judge, upon the following agreed statement of facts:

" On the 16th day of July, 1868, William Robinson, being the owner of the lands in controversy, by deed of that date, conveyed them to Robert J. Eagle and wife (Laura V. Eagle), which deed is in substance as follows:

" Be it known that I, William Robinson, in consideration of the natural love and affection which I have and bear to Robert J. Eagle and Laura V. Eagle, his wife, and the further consideration of the sum of five dollars to me in hand paid by the said Robert J. Eagle and Laura V. Eagle, his wife, have given, granted, bargained and sold, and do, by these presents, grant, bargain and sell to the said Robert J. and Laura V. the following described lands [describing them], to have and to hold the above given and granted lands unto them and their heirs forever. And, for the consideration aforesaid, I hereby bind myself to warrant and defend the title to the same to the said Robert J. and Laura V., their heirs and assigns, forever, against the lawful claims of all persons whatsoever."

Laura V. Eagle was the daughter of the grantor, William Robinson, and at the date of the conveyance, was the wife of Robert J. Eagle.

Robert J. and wife took possession of the lands under the deed, and held them until the death of Laura V. Laura V. died intestate on the 16th of October, 1869, without issue born alive, leaving her husband surviving. Robert J. continued in possession of the lands, after the death of his wife, until the 14th of March, 1871, when, by deed of gift of that date, he conveyed them to Malinda Eagle, wife of William H. Eagle, and also a daughter of William Robinson. William H. Eagle and wife took possession under their deed, and remained in possession of the lands until the commencement of this suit.

Upon this agreed statement of facts, the plaintiff (Robinson) by attorney, asked the court to declare the law as follows:

First. That a proper construction of the deed from Robinson

to Robert J. Eagle and wife is to make them joint tenants. That right of survivorship is not an incident of joint tenancy in Arkansas; but when a deed would, at common law, create an estate in joint tenancy, by the laws of Arkansas, such estate will, in case of the death of one of the defendants, descend or be inherited as an estate in common.

Second. On the death of Mrs. Eagle, her estate ascended to the plaintiff, her father, and he is entitled to recover the same, and receive one-half of the rents and profits of said land since her death.

The defendants then asked the court to declare the law:

First. That upon the death of Laura V. Eagle, her husband, Robert J. Eagle, took her interest in the lands by survivorship.

Second. That Robert J. Eagle, having taken his wife's interest in the lands by such survivorship, had the legal right to convey them to the defendant, Malinda Eagle; and the deed is a valid conveyance of the whole land.

The court below gave the law as asked by the defendants, and refused to declare the law as requested by the plaintiff's attorney. To which ruling of the court, the plaintiff, by counsel, excepted at the time. Whereupon the cause was submitted to the court sitting as a jury, upon the agreed statement of facts; and the court rendered judgment in favor of the defendants. Plaintiff then filed a motion for new trial, which was overruled; and to which, also, he excepted, and appealed to this court.

There are only two questions involved in the decision of this cause:

First. What estate did Robert J. Eagle and wife take by their deed from Robinson at common law? and,

Second. Has our statute or the constitution of 1868 changed the common law rule in regard to the interest of husband and wife in such an estate?

First, then, what says the common law ?

Blackstone, in his Commentaries, book II, marg. p. 182, says : " If an estate in fee be given to a man and his wife, they are neither properly joint tenants or tenants in common, for husband and wife being considered one person in law, they cannot take the estate by moieties, but both are seized of the entirety. The consequence of which is, then, neither husband nor wife can dispose of any part without the consent of the other, but the whole must remain to the survivor."

Lord KENYON, C. J., in case of *Doe, etc., v. Parrott and wife*, 5 Term, 654, says : "It seems to me from the manner in which the case is drawn, that it was intended to be argued that the devise in the first will to Freisbee and wife created a joint tenancy, but that question has been properly abandoned. For though a devise to A. & B., who are strangers, creates a joint tenancy, the conveyance of one of them severs the joint tenancy, and passes a moiety. Yet it has been settled for ages that when a devise is to husband and wife, they take by entireties, and not by moities, and the husband cannot, without the consent of the wife, divest her estate."

The American authorities are all to the same effect, except one case in Connecticut, and one in Georgia. 2 Kent's Com., 11th ed., top page 113 ; *R. R. Co. v. Harris*, 9 Ind., 184 ; 1 Wash. on Real Estate, 314, 315 ; Tyler on Infancy and Coverture, 498 ; McCord's Rights of Married Women, secs. 109, 110 ; *White v. Wager*, 25 N. Y., 328 ; *Den v. Hurdenburgh*, 5 Halst. (N. J.), 42 ; *Winans v. People*, 32 N. Y., 423 ; *Jackson v. Stephens*, 16 Johns., 110 ; *Stuffy v. Reefe's Ex'r*, 26 Penn., 397 ; 46 id., 248 ; 56 id., 286 ; 13 Mass., 213 ; 26 Ind., 424, and *Thornton v. Thornton*, 3 Rand. (Va.), 179.

There are many other authorities we could cite to the same effect, but we deem it unnecessary. The authorities, English and American, settle, beyond all controversy, the law as stated by Blackstone and Kent.

We therefore decide that by the common law, Robert J. Eagle and wife were each seized of an entirety in the lands granted them by William Robinson, and upon the death of Laura V., Robert J. Eagle would take the whole estate, and he could sell and convey the same.

The counsel for appellant admits the common law rule as we state it, but contends that it has been changed by statute, and the constitution of 1868. This brings us to the consideration of the question: Has this well settled common law rule of property been changed or modified by our statute and constitution of 1868?

We think not. Sec. 9, ch. 37, Gould's Digest, 265, provides: "Every interest in real estate granted or devised to two or more persons (other than executors or trustees as such) shall be in tenancy in common, unless expressly declared in such grant or devise to be a joint tenancy."

Sec. 6, article XII of the constitution of 1868, relied upon by counsel for appellant, reads as follows: "The real and personal property of any female in this state, acquired either before or after marriage, whether by gift, grant, inheritance, devise or otherwise, shall, so long as she may choose, be and remain the separate estate and property of such female, and may be devised or bequeathed by her the same as if she were *femme sole*. Laws shall be passed providing for the registration of the wife's separate property," etc.

The act referred to in Gould's Digest was intended to remedy what was regarded as an evil growing out of an estate of joint tenancy, whereby a survivor, though a stranger, on the death of his cotenant, would take the whole estate by survivorship, and other reasons. But it certainly was not intended to apply to the case of husband and wife, who are regarded by the law, Divine and human, as one person, and hold the estate as an entirety and not as joint tenants.

Robinson vs. Eagle and wife.

In support of this position, we refer to the following authorities, based upon statutes similar to ours.   *Wright v. Saddler*, 20 N. Y., 323; *Torry v. Torry*, 4 Kern., 430; 15 Wend., 615; 8 Cowen, 278; 1 Wins. (N. C.), 237; 9 B. Mon., 587; 10 Mass., 385; 19 Wis., 362; 1 Duvall (Ky.), 23; 42 Miss., 1.

It is insisted by the counsel for the appellant that the clause in the constitution of 1868, above cited, has so enlarged the rights and powers of a married woman that she is now, in contemplation of law, a distinct person, and entitled to all the privileges of a single woman.

We cannot assent to such a proposition.   This article only applies to the separate estate of the wife, and is intended merely to preserve it from liability for the debts of her husband, and authorizes her to devise and bequeath it.   In New York, Massachusetts, and other states with similar provisions of law, they have so decided.   See authorities above cited, and Bingham on Real Estate, p. 169, sec. 5; 4 N. Y., 513; 30 How. Pr., 193; *Blood v. Humphrey*, 17 Barb., 662; *Yale v. Dedner*, 18 N. Y., 231.

In conclusion, we would remark that we are not only sustained by authority and precedent; but also by sound reason and good policy.   The marriage relation is a peculiar one.  •It is of Divine origin, and He "who spake as never man spake" declares that "they twain shall be one flesh."   This bond of union between husband and wife contemplates not only a union of hearts, but a union of property and all other interests, and all laws which tend to sever property rights between them certainly have the effect to weaken the ties which bind them "for better or for worse," and thus become a fruitful source of bickering and discontent, which often end in separation and divorce.

We are aware that there has been a strong tendency of late to "enlarge the rights of married women," and in most of the

states, laws have been passed to protect the separate property of the wife. We doubt the policy, and would, certainly, not be disposed to enlarge the rule so as to include property conveyed to husband and wife jointly. We prefer to stand by the rule sanctioned by Divine wisdom, as well as the decisions of the ablest jurists of England and America; a rule which has been acquiesced in for centuries in Great Britain, and approved and followed in nearly all the states.

Let the judgment of the court below be affirmed with costs.

The Hon. E. H. ENGLISH, C. J., did not sit in this case.