BRANCH *v.* POLK.

Opinion delivered December 14, 1895.

HUSBAND AND WIFE—ESTATE IN ENTIRETY.—A conveyance of land to husband and wife jointly vests in them an estate in entirety.

ESTATE IN ENTIRETY—POWER OF HUSBAND TO CONVEY.—A conveyance by the husband of an undivided half interest in an estate in entirety, without joinder by the wife, does not, after his death, affect the wife's right of survivorship.

SAME—POWER OF WIFE TO CONVEY.—A married woman may convey an undivided half interest in land held in entirety, subject to the husband's right of survivorship.

Appeal from Phillips Circuit Court in Chancery.

GRANT GREEN, JR., Judge.

STATEMENT BY THE COURT.

Mary P. Branch brought suit in the Phillips circuit court against Sallie M. Polk, and the heirs of Lucius E. Polk, Sr. For cause of action she alleged that Lucius E. Polk, Sr., executed to her, on the first day of March, 1891, several promissory notes, amounting in the aggregate to between six and seven thousand dollars; that, to secure the payment of these notes, he executed to her a mortgage on an undivided half interest in certain lands in Phillips county, Arksansas; that the defendant, Sallie M. Polk, at that time the wife of said Lucius E. Polk, in order to further secure the payment of said notes, did, on said first day of March, 1891, also execute a mortgage upon an undivided half interest in said lands owned by her; that Lucius E. Polk had died since the execution of the notes and mortgage, and that said notes were due and unpaid. She prayed that the mortgage be foreclosed, etc.

Mrs. Polk filed her separate answer to the complaint, wherein she admits the execution of the notes and,

mortgages as alleged, and that, at the time of the execution of the same, she was the wife of L. E. Polk, that he has since died, and that said notes are past due and unpaid ; but, to quote the language of the answer, "she denies that the deed of trust so executed by the said husband and delivered to the said plaintiff is a lien úpon said lands described in said complaint, or an undivided half interest in the same, or upon any part or any interest therein, or that the deed of trust so executed by herself and delivered to said plaintiff is a lien upon said lands, or any interest therein, or any part thereof, because she says that the sole and only title which she or her said husband had or held to said land, or any part thereof, was the title derived through a deed executed by Clarence Quarles, as commissioner in chancery of the circuit court of Phillips county, Arkansas, dated the 10th day of December, 1877, wherein and whereby he conveyed the whole of said several tracts of land to her said husband and herself.  *  *  *  *  And so she says that, for the reasons aforesaid, said mortgages or deeds of trust executed as aforesaid by herself and husband are no lien upon the said hereinbefore described lands." There was a demurrer to this paragraph of the answer, which was overruled by the court.  Plaintiff electing to stand on her complaint and demurrer, the complaint was dismissed, and plaintiff appealed.

*Rose, Hemingway & Rose* and *Tappan & Porter*, for appellant.

1. Although it may be true that the mortgage by the wife could not operate during the husband's lifetime, so as to disturb his and her joint possession, yet, on his death, it became immediately operative, under our statute. 29 Ark. 202 ; 47 *id.* 116 ; *Id.* 179 ; 4 Sneed, 693 ; 53 N. Y. 93 ; 55 Ark. 85 ; 1 Spencer, N. J. 556 ; 45 Am. Dec. 388.  The wife owned the rest of the estate not vested

in her husband; and that estate might be "conveyed by
her the same as if she were a *feme sole.*"   Const. Ark.
1874. art. 9, sec. 7; 36 Ark. 356; 41 *id.* 421; 47 *id.* 235;
43 *id.* 160; 53 *id.* 565.   Mansf. Dig. sec 642 applies to
mortgages as well as to deeds.   47 Ark 112; 57 *id.* 107.
So, if the wife's conveyance was inoperative during her
husband's life, it bound her on his death.   The old rule
has been changed by statute.   19 Wis. 392; 88 Am.
Dec. 692; 5 *id.* 95; 68 *id.* 49; 1 Bish. Mar. Wom. sec.
621; 1 Ballard, Real Pr. secs. 240–1; 8 Cow. 277; 30
Ind. 305.

2.   As in this case, both of the tenants by entire-
ties conveyed the lands upon the same consideration, to
the same person, upon the same uses, the result is pre-
cisely the same as if they had both joined in the same
conveyance.   45 Ark. 17; 4 *id.* 278; 48 *id.* 415; 138
U. S. 2.   Both instruments need not be of the same
date.   18 Johns. 421; Lawson on Cont. sec. 389.   An
estate by entireties may be conveyed by joint action of
both tenants.   Either may convey with the consent of
the other.   29 Ark. 205.

*John J. & E. C. Hornor* for appellees.

This was a case of tenancy by entirety, and neither
husband nor wife can dispose of any part without the
consent of the other, but the whole must remain to the
survivor.   2 Bl. Com. 182.   Our Rev. St. ch. 31, sec.
9, and art. 12, sec. 6, const. 1868, did not destroy this
common law right.   29 Ark. 202.   Nor did the consti-
tution of 1874, art. 9, sec. 7, transform an estate by
entirety into a *separate* estate.   14 Dillon, 198; 12 *id.*
329; 2 Bush, 115; 50 Miss. 535; 52 Mo. 71; 73 Mich.
38; 26 Pa. St. 401; 56 *id.* 106; 92 N. Y. 158; 100 *id.*
15; 25 Mich. 347; 40 Kas. 442; 90 Ind. 222; 141 Mass.
219; 49 Md. 402; 42 N. J. Eq. 651; 55 N. W. 664.
Our constitution and statute only dealt with the *sepa-*

*rate* estates of married women. Therefore, to divest the wife in lands held by entirety, she *must join her husband* in the conveyance. 8 Cow. 277; 108 Mass. 258. While the policy of our law has been to free married women from the disabilities of coverture, yet this class of legislation is in derogation of the common law, and can be extended no further than the plain provision of the statutes permit. 29 Ark. 202; *Ib.* 346; 30 *id.* 385; 53 *id.* 545. A married woman can bind herself only by executing a deed in the form prescribed by law. 30 Ark. 628. No estoppel can accrue against a married woman in regard to lands not held as her separate estate. 30 Ark. 385.

*Tappan & Porter* and *Rose, Hemingway & Rose*, for appellees, in reply.

The interest of a wife in an estate by entirety is identical with her separate estate in respect of her power to convey it. She can convey her estate by entirety in the same manner she can her separate estate. Const. art. 9, sec. 7; 1 Bish. Mar. Wom. sec. 613; 36 Ark. 588; 1 Dev. Deeds, sec. 101. She may mortgage it to pay her husband's debts. 35 Ark. 480; 34 *id.* 17.

RIDDICK, J., (after stating the facts.) The lands upon which appellant claims a lien were held by Lucius E. Polk and his wife, Sallie M. Polk, under a joint conveyance executed to them by Clarence Quarles, commissioner. This joint conveyance to husband and wife vested in them an estate in entirety. *Robinson* v. *Eagle*, 29 Ark. 202; *Kline* v. *Ragland*, 47 *id.* 116; *Den* v. *Hardenbergh*, 18 Am. Dec. 377; *Bertles* v. *Nunan*, 92 N. Y. 152.

After receiving this conveyance, each of the grantees gave to Mary P. Branch a mortgage on an undivided half interest in said land to secure notes executed

*When estate in entirety created.*

to her by Lucius E. Polk. These mortgages were executed at different places and at different times. The one by Lucius E. Polk was executed on the 4th day of April, 1892, and his wife executed one on the 31st day of May, 1892. Neither of them joined in the mortgage executed by the other. Now, the right of survivorship is a distinctive characteristic of an estate of entirety, and neither of the tenants holding by entireties can by a separate deed affect the right of survivorship existing in the other. *Ames* v. *Norman*, 4 Sneed (Tenn.), 683; S. C. 70 Am. Dec. 269; *Den* v. *Hardenbergh*, 18 Am. Dec. 371, and note; Kerr on Real Property, vol. 3, sec. 1975.

Power of husband to convey estate in entirety.

In order to convey the entire estate in land held by entirety, the husband and wife must convey by a joint deed, or the deeds, if separate, must each purport to convey the entire estate. Neither of the mortgages set up by the appellant purport to convey more than an undivided half interest in the land. It is contended by appellant that these two mortgages, being executed for the same purpose, must be taken and construed as one deed. If this be conceded as correct, it would not strengthen the position of appellant for it would still be a deed conveying an undivided half interest only. When persons owning lands as tenants in common each convey an undivided half interest therein, they have conveyed the title to the whole, for neither of them held more than an undivided half interest, and the deed of each conveys his entire interest; but the entire estate is vested in each of the tenants by the entireties, for they hold, not by moieties, but by entireties, and a conveyance of an undivided half interest by one tenant does not purport to convey his whole interest. The deed of the husband can have no effect after his death. When that happened, Mrs. Polk became the sole owner, his interest passing to her by right of survivorship. If appellant has any

lien upon Mrs. Polk's land, it must be by force of her own deed, for she did not join in the deed of her husband, and is not affected by it.

As the mortgage executed by Mrs. Polk only purported to convey an undivided half interest in the land, we think it clear that in no event can appellant claim a lien beyond this undivided half interest.

But the most serious question for us to determine is whether Mrs. Polk, during coverture, had the power by a separate deed to mortgage her interest in the lands held by herself and husband as tenants of the entirety. Whether a wife may, in this state, convey an interest held by her as such a tenant, as she may her interest in other real property, has not been determined by this court. The question decided in *Robinson* v. *Eagle*, 29 Ark. *supra*, was that estates of entirety were not abolished by the constitution of 1868. This ruling was approved in *Kline* v. *Ragland*, 47 Ark. 116. In neither of those cases was any question concerning the power of the wife to convey her interest in such an estate by a separate deed considered by the court. At common law the husband had, during marriage, the exclusive control of such estate. *Fairchild* v. *Chastelleux*, 1 Pa. St. 176, S. C. 44 Am. Dec. 117; *Barber* v. *Harris*, 15 Wend. 615; *French* v. *Mehan*, 56 Pa. St. 287. But the authority of the husband to dispose of the rents and profits of land held in entirety did not arise from any peculiarity of this estate or from any special powers conferred upon him as a tenant of the entirety, but arose out of the rule at common law that, during coverture, the husband had the control of the real estate of the wife. 2 Kent's Com. 130; *Hiles* v. *Fisher*, 144 N. Y. 306; S. C. 43 Am. St. Rep. 766. Hence we find that, in many of the states where the wife has been clothed with the power to manage, control and use her separate property, "the courts, following the logic of

Power of married woman to convey her interest in estate in entirety.

the situation, have extended this right to estates by entireties, to the extent of denying the right of the husband or his creditors to deprive her of the use and enjoyment of her interest in such an estate during the life of her husband." 1 Ballard's Real Prop. sec. 241; *Hiles* v. *Fisher*, 144 N. Y. 306; S. C. 43 Am. State Rep. 766; *Buttlar* v. *Rosenblath*, 42 N. J. Eq. 651; S. C. 59 Am. Rep. 52; *McCurdy* v. *Canning*, 64 Pa. St. 41; *Chandler* v. *Cheney*, 37 Ind. 391; *Shinn* v. *Shinn*, 42 Kas. 1.

In this state a married woman has full control of her separate property, and may convey and dispose of it as if she were a *feme sole*. Our constitution and statute have excluded the marital rights of the husband therefrom during the life of the wife. Const. 1874, art. 9, sec. 7; Sand. & H. Dig., sec. 4945; *Neelly* v. *Lancaster*, 47 Ark. 175; *Roberts* v. *Wilcoxson*, 36 Ark. 355. We think that the effect of these provisions was to give the wife control of all the property owned by her, including her interest in an estate by entirety as well as other real estate. To say that it did not apply to an estate by entirety would be to deprive her of a share in the rents and profits of such an estate during the life of her husband, and would establish an exception to the operation of the constitution and statute resting on no valid principle or reason. *Hiles* v. *Fisher*, *supra*. On the other hand, to say that neither she nor her husband could convey any interest in such an estate except by a joint deed would tie up the estate, and prevent either of them from controlling or disposing of his or her interest without the consent of the other. It would also result in placing it beyond the reach of the creditors of either of them, and such is the rule followed in several of the states. *McCurdy* v. *Canning*, 64 Pa. St. 39; *Chandler* v. *Cheney*, 37 Ind. 391; *Naylor* v. *Minock*, 96 Mich. 182, S. C. 35 Am. St. Rep. 595, and note.

But it would seem that this rule is to a certain extent illogical, for under it the effect of the statutes giving married women control of their own property is also in this instance to curtail the power of the husband over his own interest in real estate. The object of these laws was not to affect in any way the control of the husband over his own property. Their sole purpose was to give to the wife what she did not have at common law, the right to control and convey her own property as if she were unmarried. *Bertles* v. *Nunan*, 92 N. Y. 152; S. C. 44 Am. Rep. 361.

While such legislation has taken away the control of the husband over the interest of the wife in estates of entireties, as it has removed his control from her other property, yet it does not seem reasonable to hold that it also affected his right to control his own interest in such an estate, or that it exempted such interest from seizure by his creditors. As was said in *Buttlar* v. *Rosenblath*, 42 N. J. Eq. *supra*: "Any device of this character for the protection of the husband's property from his creditors is unknown to the common law, and so contrary to public policy that it ought not to be engrafted upon our system of laws, by interpretation of the statute, unless the intent to do so is clearly expressed."

The rational construction of these provisions of our constitution and statute, which "uprooted principles of the common law hoary with age," swept away the marital rights of the husband during the life of the wife, and gave enlarged powers to married women, is, not that they lessen the power of the husband over his own interest in an estate by entirety, but that they deprive him of the control over the interest of the wife which he formerly exercised *jure uxoris*, and confer upon the wife the control of her own interest. The right of the wife to control and convey her interest, we

think, is now equal to the right of the husband over his interest. They each are entitled to one-half of the rents and profits during coverture, with power to each to dispose of or to charge his or her interest, subject to the right of survivorship existing in the other. *Hiles* v. *Fisher*, 144 N. Y. 306 ; S. C. 43 Am. St. Rep. 762 ; *Buttlar* v. *Rosenblath*, 42 N. J. Eq. 651 ; S. C. 59 Am. Rep. 52.

This rule, as was said by Chief Justice Andrews, in the recent case of *Hiles* v. *Fisher*, "best reconciles the difficulties surrounding the subject. The estate granted is not thereby changed. It leaves it untouched, with all its common-law incidents ;　*　*　*　* and gives to each party equal rights so long as the question of survivorship is in abeyance, thereby conforming to the intention of the new legislation to take away the husband's rights *jure uxoris* in his wife's property, and to enable the wife to have and enjoy whatever estate she gets by any conveyance made to her or to her and others jointly, and does not enlarge or diminish that estate."

Our conclusion is that, Mrs. Polk having survived her husband, and become the sole owner of the land, her mortgage deed is valid and binding as to the undivided one-half interest in said land conveyed by her as security for the notes executed by her husband. The court erred, therefore, in not sustaining the demurrer to that extent. The decree is reversed, with an order that the demurrer be sustained to the answer so far as it undertakes to set up a defense to the mortgage executed by Mrs. Polk for said undivided half interest ; otherwise, the decree is affirmed.

---

[NOTE.—This case is annotated in 30 L. R. A. 324. Rep.]