ROULSTON v. HALL.

Opinion delivered April 1, 1899.

1. JUDGMENT—EVIDENCE—RES INTER ALIOS.—A decree of divorce which found that the husband was occupying a certain place as a homestead is not admissible against a stranger to prove that it was the husband's homestead. (Page 307.)

2. ESTATE IN ENTIRETY—DOWER.—Where land is conveyed to a husband and wife, they take an estate of entirety, which is not subject to dower. (Page 307.)

3. SAME—DIVORCE.—Upon the granting of a divorce, the wife is entitled to receive the rents of one half of land held by her and her husband by the entirety, so long as both live; the entire property, at the death of either, going to the survivor. (Page 309.)

Appeal from Garland Circuit Court.

A. M. DUFFIE, Judge.

STATEMENT BY THE COURT.

Appellant brought suit in ejectment against appellee, claiming title to, and right to possession of, an undivided one half of lot 9, and south half of lot 8, in block 3 of Smith's addition to Hot Springs, in Garland county, Ark., and claiming rents therefor.

Appellee denied appellant's title and right to possession, claimed the property as a homestead, claimed title under and from Smith and wife to herself and her husband, Ben Hall, from whom the appellant also claimed to deraign title through said Ben Hall. Appellee also denied that the rental value of the property was $800 per month, as claimed by appellant. Appellant replied, denying specifically the allegations of the appellee's answer. The question of the rental value of the property was submitted to a jury, which found it to be $101.25.

All other questions in the case were submitted to the court sitting as a jury. The court gave judgment for the appellee for one half of said property, and for one third of the other half during the natural life of the appellee. From this judgment, this case is brought here by appeal.

It appears from the evidence that Ben Hall and Addie Hall, his wife, purchased this property from Smith and wife, who conveyed it to them. Afterwards Ben Hall sued his wife, Addie Hall, for divorce in the chancery court of Tennessee, and procured a decree dissolving the bonds of matrimony between himself and Addie Hall, the appellee here, and married another woman, and she and he conveyed his interest in said property to appellant, Roulston. Addie Hall sued Ben Hall in the chancery court of Garland county, and obtained a decree in her favor, dissolving the bonds of matrimony between herself and Ben Hall. In this suit Ben Hall set up the decree in his favor for divorce made in Tennessee. The chancery court of Garland county found the decree to have been rendered without jurisdiction, and therefore void, and adjudged and decreed that Addie Hall was entitled to one half of said property and to one third of the other half for her lifetime, and that the other part of said property was Ben Hall's. The court found in this decree that Ben and Addie Hall had occupied this property for several years, as a homestead, before the institution of her suit.

The appellee in this ejectment suit introduced in evidence, over the appellant's objection, and to which he excepted, the decree of the Garland chancery court made in the case of Addie Hall *v.* Ben Hall for divorce, and also introduced the filing mark of the original complaint in said cause, to which appellant excepted.

Without setting out the declarations of law given and refused, it will be sufficient to state the court's conclusions.

*Z. T. Roulston, pro see.*

Appellees took an estate by entireties, and each was entitled to their moiety, on divorce. 26 Ark. 368; 31 Ark. 580; Mansf. Dig. § 2571; 29 Ark. 202. The wife was not entitled to dower. Sand. & H. Dig. § 2520. The court could not take judicial knowledge of the pleadings and judgment in a suit

entirely different from that at bar.    35 Ark. 450; 32 Ark. 315.

*Wood & Henderson,* for appellee.

The deed from appellee's husband did not convey her homestead to appellant.    57 Ark. 242; 62 Ark. 431; 64 Ark. 494; 60 Ark. 269.    The subsequent divorce did not remedy the void conveyance.    47 Ark. 215; 47 Ark. 413.    The · decree of chancery court granting the divorce and apportioning the property was not open to collateral attack.    34 Ark. 399; 37 Ark. 155; 52 Ark. 1; 24 Ark 122.    Appellant, having bought during the pendency of the divorce proceedings, was bound by the decree.    20 Ark. 85; 57 Ark. 97; 17 Ark. 203; 23 Ark. 336.

HUGHES, J., (after stating the facts.)    The contention of the appellant is that the judgment of· the court should have been for him for an undivided one-half interest in the property, as prayed for, and for $101.25 rent, as per verdict of the jury. Appellee, as we understand, contends that the, land was a homestead, and that Ben Hall, while her husband, conveyed the land to appellant, and that she did not join in the conveyance, which is therefore void, and that, if not entitled to hold the property as a homestead, the court correctly decreed her one-third interest for her natural life in the half of said property adjudged to appellant, less said one third so decreed to her in lieu of alimony.    There was no competent evidence that the property was a homestead.    The decree of the chancery court of Garland county in case of Addie Hall *v.* Ben Hall for divorce was relied upon only to show that it was a homestead.    Roulston, the appellant, was not a party to that suit, and the question whether the property was a homestead was never adjudicated in that case as to him, and Roulston, the appellant, is not bound by that decree.    That decree was not evidence ·in this case that said property was a homestead, and the court below did not find that it was a homestead.    "A judgment is evidence of nothing, in a subsequent action between different parties, except that it had been rendered."    *Thomas* v. *Hinkle,* 35 Ark. 450.

The lot having been conveyed to Ben Hall and Addie Hall, husband and wife, they took it as an estate of entirety, and it was never subject to dower.    If one dies, the other takes the

whole. *Robinson* v. *Eagle*, 29 Ark. 202. The wife's right to dower is inchoate till her husband dies, and at his death, in case of an estate of entirety, she takes, not dower, but all. "Dower will not be carved out of an estate held in joint tenancy; seizin in severalty is necessary to support it." *Cockrill* v. *Armstrong*, 31 Ark 580. And this is true as to an estate by entirety.

We suppose the court below gave the appellee the decree for one-third interest for her natural life in the appellant's half of said property, because it was adjudged to her in the suit of in Addie Hall *v.* Benjamin Hall in the Garland chancery court. And we suppose that the learned chancellor in that case awarded it to her under section 2517 of Sandel & Hill's Digest, where it is provided that "in every final judgment for divorce from the bonds of matrimony granted to the wife against the husband, [the wife] shall be entitled to one third part of the husband's personal property absolutely, and one third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been so relinquished by her in legal form." But the husband, Ben Hall, had not an estate of inheritance in these lots. Where land is conveyed to husband and wife, they do not take by moieties, but both are seized of the entirety,—the whole in contradistinction to a moiety or part only. *Robinson* v. *Eagle*, 29 Ark. 202; 2 Kent's Comm. 132; 4 Kent's Comm. 414. They are called tenants by entirety. Estates by entirety are sometimes spoken of as joint tenancies, but not with strict accuracy. Like a joint tenancy, they possess the quality of survivorship. Husband and wife are but one person in law, and a conveyance to husband and wife is, in legal contemplation, a conveyance but to one person. *Shaw* v. *Hearsey*, 5 Mass. 521; *Dias* v. *Glover*, Hoff. Ch. 71; *Doe* v. *Garrison*, 1 Dana, 35; *Gibson* v. *Zimmerman*, 12 Mo. 385; Boone's Law of Real Property, § 365.

The rule of the common law that a conveyance to husband and wife constitutes them tenants by the entirety—the survivor taking the whole estate—is not changed by the abolition of joint tenancies, nor by the act of the legislature enabling married women to acquire and hold property separate from their hus-

bands. See *Marburg* v. *Cole*, 49 Md. 402; *Diver* v. *Diver*, 56 Pa. St. 106; *Jones* v. *Chandler*, 40 Ind. 588; *McDuff* v. *Beauchamp*, 50 Miss. 531; *Garner* v. *Jones*, 52 Mo. 68; *McCurdy* v. *Canning*, 64 Pa. St. 39; *Bennett* v. *Child*, 19 Wis 362; *Hulett* v. *Inlow*, 57 Ind. 412, S. C. 26 Am. Rep. 64; *Re* Shaver, 31 Upper Can., Q. B. 605; *Robinson* v. *Eagle*, 29 Ark. 202.

Neither tenant by entirety can convey his or her interest so as to affect the right of survivorship in the other. The alienation by the husband of a moiety will not defeat the wife's title to that moiety if she survive him; but, if he survive, the conveyance becomes as effective to pass the whole estate as it would had he been sole seized at the time of the conveyance. The husband may do what he pleases with the rents and profits during coverture, but he cannot dispose of any part of the inheritance, without his wife's consent. Boone, Real Property, § 366 and cases cited. An estate of inheritance is "a species of freehold estate in land, otherwise called a 'fee,' where the tenant is not only entitled to enjoy the land for his own life, but where, after his death, it is cast by the law upon the persons who successfully represent him *in perpetuum* in right of blood, according to a certain established order of descent." 1 Steph. Comm. 218; Co. Litt. § 51; Black's Law Dictionary, 436, "Estate of Inheritance." From these definitions it seems that an estate held by entirety cannot be an estate of inheritance.

It follows, from what has been said, that the court erred in giving judgment for appellee for one half of said property, and for one-third of the other, as during the lifetime of her husband she was only entitled to the rents of one-half, but in case of the death of the husband to the whole. The husband was entitled to one-half the rents, until the death of his wife, in which event he would be entitled to the whole estate. His vendee therefore is entitled to one-half the rents, while the wife of his vendor lives.

Reversed, and remanded for a new trial.