PARRISH *v.* PARRISH.

Opinion delivered December 19, 1921.

1. HUSBAND AND WIFE—TENANCY BY ENTIRETY.—Provisions of the Constitution or of statutes whereby married women are enabled to hold property to their separate use or to sue and be sued and to contract and be contracted with do not apply to an estate granted to husband and wife and have no effect upon real estate conveyed to husband and wife jointly.

2. HUSBAND AND WIFE—ESTATE BY ENTIRETY.—A conveyance to husband and wife jointly creates an estate by the entirety, though they are not mentioned in the deed as husband and wife.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

STATEMENT OF FACTS.

Emma Parrish brought this suit in equity against Willie Parrish and others to reform a deed to real estate in Fort Smith, Ark.

According to the allegations of the complaint, on the 11th day of November, 1919, Alice Taylor Callahan, by a quitclaim deed conveyed the two lots in controversy to Joseph E. Parrish and Emma Parrish for the consideration of $1600, $250 of which was paid in cash, and the balance was evidenced by promissory notes executed by Joseph E. and Emma Parrish, who were husband and wife at the time the deed was executed. Before the delivery of said deed, it was discovered that it did not correctly describe the property intended to be conveyed, and on the 19th day of November, 1919, Alice Taylor Callahan executed a new deed to the property intended to be described, to Joseph E. Parrish for the purpose of correcting the misdescription in the first deed. Upon the delivery of the last deed the plantiff was assured that the mistake had been corrected, and she did not examine the deed and discover that her name as one of the grantors had been erroneously omitted therefrom until after the death of her husband.

For some time prior to the purchase of the property, the plaintiff and her said husband occupied the same, and plaintiff had conducted thereon a grocery store which was her individual business. The cash payment was made out of her earnings and profits in conducting the grocery store. It was the intention of plaintiff and her husband that the title to said property be vested in them as tenants by the entirety.

The prayer of the complaint is for a reformation of the deed by the insertion of the plaintiff's name therein as one of the grantees in said deed and as one of the purchasers of the property.

According to the allegations of the answer, Willie Parrish is the son of Joseph E. Parrish and Emma Parrish. Joseph E. Parrish died on the 8th day of December, 1920, leaving Willie Parrish and Earl Parrish, his sons and sole heirs at law. They deny that Alice Taylor Callahan intended to convey the property in question to their mother and father as husband and wife in such manner as to create an estate by the entirety. They admit, however, the execution of the deed as set out in plaintiff's complaint. They admit that the description of the property was incorrect as described in the first mentioned deed.

The plaintiff filed a demurrer to the answer, which was sustained by the court.

The defendants declined to plead further, and a decree was entered in favor of the plaintiff.

The defendants have appealed.

*James B. McDonough,* for appellant; *Davis & Ashby* of Chillicothe, Mo., of counsel.

1. The married woman's act of 1919 destroyed estates by entirety. The holding in 147 Ark. 7 is erroneous and should be overruled. In Ohio a conveyance to a husband and wife creates a tenancy in common. 45 Ohio St. 152. The Illinois married women's act was held to destroy an estate by the entirety. 133 Ill. 65. So in Tennessee. 205 S. W. 416; 221 S. W. 189. And in Maine. 33 Atl. 652. See 56 N. H. 105; 15 So. Rep. (Ala.) 823; 60 Neb. 663; 44 S. E. (W. Va.). The married women's act destroyed the unity of husband and wife.

2. The deed to Joseph and Emma Parrish, if they were unmarried, would create a tenancy in common, and not an estate by the entirety. 124 Ark. 167.

3. The deed was to Joseph and Emma Parrish, but not to them as husband and wife. See 76 Ark. 57; 133 Ill. 65.

*George F. Youmans*, for appellee.

A deed to a husband and wife conveys an estate by entirety.    37 Ind. 391.   147 Ark. 7 has become a rule of property.

HART, J., (after stating the facts). According to the allegations of the complaint, which are to be taken as true upon demurrer, Joseph E. Parrish and Emma Parrish were husband and wife when the first deed to the property in question was executed to them, and it was the intention to convey them an estate by the entirety. A mistake was made in the description of the property which was corrected by a new deed executed to Joseph E. Parrish alone. It was represented to Emma Parrish that the new deed was to her husband and herself as in the first instance, and she did not know any difference until after the death of her husband.

It is the contention of counsel for the defendants that our Married Women's Acts have abolished estate by the entirety, and several cases from the Supreme Courts of other States are cited in support of their contention.

It must be admitted that the authorities on his question are divided. The leading cases bearing upon each side of the question are cited in *Baker* v. *Stewart*, 40 Kan. 442. In that case the majority opinion holds that neither the statutes relating to married women, nor the statutes relating to descents and distributions, have changed the rule of the common law with respect to the rights of the survivor in estates by the entirety.

The contrary view is maintained in the dissenting opinion, and the leading authorities on that side of the question are cited. The statute under consideration, in most of the cases cited on either side of the question, is very similar to the provision of our Constitution of 1868, and of our present Constitution relating to married women and giving them the right to control and manage their own separate property.

In *Robinson* v. *Eagle*, 29 Ark. 202, it was held that at common law the husband and wife are seized of the

entirety in land conveyed to them jointly; and, upon the death of one of them, the estate remains to the survivor. It was further held that the rule of the common law was not changed by our statute, or the Constitution of 1868. It was said that the constitutional provision only relates to the separate property of the wife and was intended merely to preserve it from liability from the debts of the husband.

The provision in our present Constitution is similar, and estates by the entirety have been upheld under it. *Branch* v. *Polk,* 61 Ark. 388; *Simpson* v. *Biffle,* 63 Ark. 289; *Roulston* v. *Hall,* 66 Ark. 305, and *Davies* v. *Johnson,* 124 Ark. 390.

But it is contended that the rule of the common law has been changed by an act of the Legislature of 1919, entitled "An Act to Remove the Disabilities of Married Women in the State of Arkansas."

The section referred to is sec. 5577 of Crawford & Moses' Digest, which reads as follows:

"Every married woman and every woman who may in the future become married shall have all the rights to contract and be contracted with, to sue and be sued, and in law and equity shall enjoy all rights and be subjected to all the laws of this State, as though she were a *feme sole;* provided, it is expressly declared to be the intention of this act to remove all statutory disabilities of married women as well as common-law disabilities such as the disability to act as executrix or administratrix as provided by par. 6 of Kirby's Digest, and all other statutory disabilities."

The statute does not pretend in direct terms to change or modify the common law in any particular with respect to an estate by the entirety. It is claimed, however, that the act impliedly changes this rule of the common law. We cannot understand how the act changes the rule of the common law in this regard. The Legislature passed the act for the benefit of married women, and not to take away from them any of

their rights and privileges. Without the act, a married woman holding with her husband an estate by the entirety, would, when he dies, take the entire estate if she was the survivor. The act in question has nothing to do with the estate which either the husband or the wife should hold, but only with the control by married women of their own separate property and of their right-to contract and to sue and be sued and act in other respects as if a *feme sole.* The common-law incidents of marriage are swept away by express statutes only. For instance, a husband still has his common-law rights of tenant by the curtesy.

Provisions of the Constitution or statutes to enable married women to hold property to their separate use or to sue and be sued and to contract and be contracted with do not in terms apply to an estate granted to husband and wife, and have no effect upon real estate conveyed to husband and wife jointly.

It is also contended by counsel for the defendant that the deed in question did not convey an estate by the entirety to Joseph E. Parrish and Emma Parrish because they are not mentioned in the deed as husband and wife.

We do not think that this makes any difference. The complaint alleges that the parties were husband and wife at the time the deed was executed, and it is the conveyance of the property to the husband and wife jointly which creates the estate by the entirety. *Chandler* v. *Cheney,* 37 Ind. 391; *Hulett* v. *Inlow,* 57 Ind. 413; 26 Am. Repts. 64, and case note; and 15 A. & E. Ency. of Law, 846-7. See also *Davies* v. *Johnson,* 124 Ark. 390.

In *Union & Mercantile Trust Co.* v. *Hudson,* 147 Ark. 7, the court expressly said that our statutes enfranchising married women were not intended to and do not affect estates by the entirety.

Counsel for the defendants urge us to overrule this case in this respect; but, as we have already seen, the

holding is in accord with our previous decisions bearing on the question, and we adhere to it. Tenancy by the entirety is a joint tenancy modified by the common-law doctrine that husband and wife are one person in law, and can not take by moieties. The rule has not been changed by our statute enacted to enhance the rights of married women; for the reason that such acts do not expressly change or modify the common-law rule, and, having been passed to accomplish a different purpose, do not do so by necessary implication. These acts no more destroy her union with her husband than does a settlement of property upon her for her separate use.

It follows that the decree must be affirmed.