STEWART *v.* WARREN.

4-6437                           153 S. W. 2d 545

Opinion delivered July 14, 1941.

*Ned Stewart* and *Paul Jones,* for appellant.

*Searcy & Searcy,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a decree finding that in the granting clause of a deed the estate conveyed was not limited, but that a limitation in the *habendum* should be given effect. Appellants deny there was an intent to delimit and seek to invoke the rule of repugnancy, to the end that "forever," used in the deed's granting clause, be held to control.

The grant to W. D. Stewart, his heirs and assigns *forever*,[1] was an undivided half interest in oil, gas, and other minerals pertaining to the land in question. The deed is shown in the second footnote.[2]

A printed form was used. In the *habendum*, as it appears in the original deed, "forever" has been marked through and "for the term of ten years" substituted.

The suit was one by appellees to reform the deed under claim that the ten-year limitation was agreed upon, but through error of the draftsman it was omitted from the granting clause. The court refused reformation, but held that "consideration should be given to the intention of the parties as gathered from the face of the deed."[3]

We agree with the chancellor. In *Beasley* v. *Shinn*, 201 Ark. 31, 144 S. W. 2d 710, 131 A. L. R. 1234, it was held that where an estate is definitely created in the granting clause of a deed, and in the *habendum* there is express language reserving mineral rights, the latter con-

---

[1] Italics supplied.

[2] Warranty Deed. Oil, Gas and Mineral Royalty. Know all men by these presents: That we, Mrs. N. E. Warren, J. M. Warren and P. A. Warren, for and in consideration of the sum of $200.00 to us cash in hand paid by W. D. Stewart receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said W. D. Stewart and to his heirs and assigns forever an undivided one-half interest in and to all of the oil, gas and other minerals in, under and upon the [lands described]: . . . subject however, to a certain oil, gas and mineral lease executed by Mrs. N. E. Warren on the 6th day of March, 1925, and unto A. A. Adams on said lands. . . . And for said consideration we do hereby grant and convey unto the said W. D. Stewart and unto his heirs and assigns the right to collect and receive under the aforesaid lease such undivided one-half part and interest of all oil royalties and gas rentals due us or that may become due us under the aforementioned lease. ¶ To have and to hold the above described property, together with all and singular the rights and appurtenances thereto in any wise belonging, and unto the said W. D. Stewart and unto his heirs and assigns for the term of ten years and as long thereafter as oil and gas or either of them is produced from said land. ¶ And we hereby covenant with the said W. D. Stewart that we will forever warrant and defend the title to the above described lands and the rights herein conveyed against all lawful claims whatever.

[3] The decree contained the further provision: "The court finds that the limitation of ten years is a valid limitation, binding on the defendants, W. D. Stewart and his wife, Emma Stewart, and that all the right, title, and interest thereunder of said defendants terminated at the expiration of ten years from the date of said mineral deed." [Other recitals in the decree are not pertinent to this opinion.]

dition will not be construed as a limitation upon the first estate, but rather as an agreement of the parties that the preceding estate was subject to the reservation. It was further said that reservations of mineral rights are so often attempted to be expressed in the *habendum* that it is not just to apply the technical rule of apparent limitation on the prior grant where mineral interests are excluded by subsequent language. Rather, consideration should be given the intentions of the parties as gathered from the entire document.

It is true that in the Beasley-Shinn Case the holding was confined to the particular facts there stated; but in principle the case at bar is not dissimilar. The estate created by terms utilized in the granting clause ("forever" being nominative of time) was a fee. In modern conveyancing the *habendum* ordinarily amounts to a useless form. It is commonly used to repeat the name or names of the grantee or grantees, as set forth in the granting clause, to describe the estate conveyed, and to what use. If in other parts the deed is complete, the office of an *habendum* is sterile. If, however, grantor and grantee choose to utilize it to explain what estate is intended, and this is done in a manner sufficiently clear to impart to reasonable minds what the parties intended the conveyance should mean, there is no reason the contract thus consummated should be judicially disregarded in order that a technical rule may be reverentially embraced as it totters under the weight of antiquity.

It is finally insisted that appellees are barred by laches. *Maloch* v. *Pryor,* 200 Ark. 380, 139 S. W. 2d 51. The case is not applicable; nor was it the duty of appellees to ask for reformation until the limitation upon which they relied was questioned.

Affirmed.