WEIR *v.* BRIGHAM.

4-9369                                        236 S. W. 2d 435

Opinion delivered February 12, 1951.

*Bob Bailey, Sr.,* and *Bob Bailey, Jr.,* for appellant.

*J. M. Smallwood,* for appellee.

ED F. McFADDIN, Justice. The sole issue is whether the appellant is the complete and absolute owner of certain real estate. Appellees contracted to buy the property from appellant if she had a good merchantable title to the entire premises.[1] After an examination of the proffered abstract, appellees claimed that appellant's title was defective; and this litigation ensued.

The facts appear to be undisputed. Prior to October 23, 1947, Louis F. Harms was the owner of the property here involved, and his wife, Meta Harms, had only an inchoate dower interest. On that day, they executed, acknowledged, and seasonably recorded this deed:

"THAT WE, Louis F. Harms and Meta Harms, his wife, for and in consideration of the sum of———— One & No/100————DOLLARS, cash in hand paid by Louis F. Harms and Meta Harms, his wife, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Louis F. Harms and Meta Harms, his wife, and unto their heirs and assigns, forever, the following lands, (Here follows the described land.) . . . The purpose of this deed is to convey from Louis F. Harms, . . . an undivided one-half (½) interest in and to all of the above described property to Meta Harms, his wife, with the distinct understanding that it is intended by this deed, which is made to Louis F. Harms and Meta Harms, his wife, that the survivor shall take all of said property, meaning that if Meta Harms, the wife, should precede in death Louis F. Harms that Louis F. Harms or L. F. Harms takes all of the property described herein outright, or that if Louis F. Harms or L. F. Harms should precede Meta Harms in death that Meta Harms takes all the property described herein outright, free from any and all claims of the heirs of either.

"TO HAVE AND TO HOLD the same unto the said Louis F. Harms and Meta Harms, his wife, and unto

---

[1] The contract permitted a reservation of a portion of the minerals, but that is not germane to this decision.

their heirs and assigns, forever with all appurtenances thereunto belonging.

"And we hereby covenant with said Louis F. Harms and Meta Harms, his wife, that we will forever warrant and defend the title to said lands against all lawful claims whatever.

"And I, Meta Harms, wife of the said Louis F. Harms, for and in consideration of. the said sum of money, do hereby release and relinquish unto the said Louis F. Harms and Meta Harms, his wife, all my rights of dower and homestead in and to said lands.

"WITNESS our hands and seals on this 23rd day of October, 1947.

/s/ Louis F. Harms (L.S.)

/s/ Meta Harms (L.S.)"

Sometime after the recording of the deed, the said Louis F. Harms died intestate, survived by his one son, Edward Harms, and his widow, Meta Harms, who later became Meta H. Weir, and is the appellant herein. By virtue of the foregoing deed, Meta Harms Weir claims to be the absolute owner of the property; but appellees claim that Edward Harms has an interest in the land on the theory that the deed was insufficient to create a tenancy by the entirety.

We are thus presénted with the question, whether a husband—already the owner—can create an entirety estate in land by executing a deed directly to himself and wife; and this necessitates a review of the nature of an estate by entirety. Some of our cases are: *Robinson* v. *Eagle,* 29 Ark. 202; *Branch* v. *Polk,* 61 Ark. 388, 33 S. W. 424, 30 L. R. A. 324, 54 A. S. R. 266; *Roulston* v. *Hall,* 66 Ark. 305, 50 S. W. 690, 74 A. S. R. 97; *Robertson* v. *Robinson,* 87 Ark. 367, 112 S. W. 883; *Parrish* v. *Parrish,* 151 Ark. 161, 235 S. W. 792; *Dennis* v. *Dennis,* 152 Ark. 187, 238 S. W. 15; *Stewart* v. *Tucker,* 208 Ark. 612, 188 S. W. 2d 125; and *Ryan* v. *Roop,* 214 Ark. 699, 217 S. W. 2d 916.[2]

---

[2] For other cases, see West's Arkansas Digest, "Husband and Wife," § 14.

In *Roulston* v. *Hall* (*supra*), Mr. Justice HUGHES, speaking for the Court, said:

"Where land is conveyed to husband and wife, they do not take by moieties, but both are seized of the entirety, — the whole in contradistinction to a moiety or part only. *Robinson* v. *Eagle*, 29 Ark. 202; 2 Kent's Comm. 132; 4 Kent's Comm. 414. They are called tenants by entirety. Estates by entirety are sometimes spoken of as joint tenancies, but not with strict accuracy. Like a joint tenancy they possess the quality or survivorship. Husband and wife are but one person in law and a conveyance to husband and wife is, in legal contemplation, a conveyance but to one person. *Shaw* v. *Hearsey*, 5 Mass. 521; *Dias* v. *Glover*, Hoff. Ch. (N. Y.) 71; *Ross* v. *Garrison*, 1 Dana 35; *Gibson* v. *Zimmerman*, 12 Mo. 385; Boone's Law of Real Property, § 365.

"The rule of the common law, that a conveyance to husband and wife constitutes them tenants by the entirety—the survivor taking the whole estate—is not changed by the abolition of joint tenancies, nor by the act of the legislature enabling married women to acquire and hold property separate from their husbands. See *Marburg* v. *Cole*, 49 Md. 402; *Diver* v. *Diver*, 56 Pa. St. 106; *Jones* v. *Chandler*, 40 Ind. 588; *McDuff* v. *Beauchamp*, 50 Miss. 531; *Garner* v. *Jones*, 52 Mo. 68; *McCurdy* v. *Canning*, 64 Pa. 39; *Bennett* v. *Child*, 19 Wis. 362; *Hulett* v. *Inlow*, 57 Ind. 412, S. C. 26 Am. Rep. 64; Re Shaver, 31 Upper Can. Q. B. 605; *Robinson* v. *Eagle*, 29 Ark. 202."

In *Stewart* v. *Tucker*, 208 Ark. 612, 188 S. W. 2d 125, Mrs. Wilson, owner of the property, married Mr. Tucker and made a contract with him that if he should survive her, he would receive full title to the property. Mr. Tucker survived and claimed the property as an estate by entirety under the said contract. In holding that no estate by entirety was created by the said contract, Mr. Justice ROBINS gave a scholarly review of estates by entirety and the similarity between them and joint tenancies. We quote:

358

"The Supreme Court of Michigan, in the case of *Pegg* v. *Pegg,* 165 Mich. 228, 130 N. W. 617, 33 L. R. A., N. S., 166 Ann. Cas. 1912C, 925, had to construe a deed executed by Davis Pegg to Mary C. Pegg, his wife. By this deed, which contained the usual covenants of warranty, the husband conveyed to his wife an undivided one-half interest in 160 acres, and there was inserted between the granting and the *habendum* clauses the following language: 'The object and purpose of this deed is to convey to said second party such an interest in said land that the parties hereto will have an estate in entirety, and that the same shall survive and vest in the survivor as a full and complete estate.' After the deed was executed and recorded the grantor died. The widow asserted a claim, resisted by grantor's children, to the entire estate as survivor. The Michigan court, in denying the right of the widow to the entire estate, said: 'In order to own the whole, as survivor, she would have to be seized of the whole before his death. Whatever vested in her as survivor must have been owned by both her and her husband before his death, and each must have been seized of the whole. As neither one was seized of the whole, but both held by distinct titles, they could not have been tenants by the entirety. Neither were they tenants by entirety of the undivided half conveyed to her, because Davis Pegg reserved no interest in the undivided half he conveyed to complainant. The deed as a whole cannot be construed as creating a tenancy by entirety, because the law was not followed in creating it. At the common law, the unities of time, title, interest and possession had to be observed in creating such an estate. Blackstone, Commentaries, book 2, p. 182; Washburn on Real Property, vol. 1 (6th Ed.), p. 529. See suggestion in *Basset* v. *Budlong,* 77 Mich. 338, 43 N. W. 984, 18 Am. St. Rep. 404. The common law has remained unchanged in this respect and is now in force. In the attempt to create an estate by entirety, in the case under consideration, neither the unity of time nor title was observed. The estate was not created by one and the same act, neither did it vest in them at one and the same time. . . . By reason of these considerations, the deed must be read as

though the "clause" had been omitted. The deed created a tenancy in common between complainant and her husband, and upon his decease his undivided one-half of the premises descended to his heirs.'

"The common law of England (except where it is inconsistent with our constitution and statutes) has been put in force in this state by the General Assembly. Section 1679 of Pope's Digest. Under the common law, as pointed out in *Pegg* v. *Pegg, supra,* such an agreement as the one relied on by appellees is not sufficient to create an estate by the entirety, as to the real and personal property of Cordelia Wilson Tucker, in Cordelia Wilson Tucker and her husband, Frank H. Tucker, as contended by appellees, and as held by the lower court. No statutory enactment has changed the rule of the common law and it must control here. We conclude that the lower court erred in holding that the alleged written agreement entered into between Frank H. Tucker and his wife, Cordelia Wilson Tucker, was sufficient to create in Frank H. Tucker and his wife an estate by the entirety as to the property involved herein."

The holding in *Stewart* v. *Tucker* (*supra*) is determinative of the case at bar. While there are authorities from some jurisdictions [3] which hold that an estate by entirety may be created by deed directly from the husband to the wife, yet the weight of authority is in accordance with the case of *Pegg* v. *Pegg* (*supra*) which we followed in *Stewart* v. *Tucker* [4] (*supra*). We continue to adhere to our previous holding.

Neither can it be successfully urged that Mrs. Meta Weir became the owner of all of the property by virtue

[3] In a series of well considered annotations, there may be found listed and discussed many of the cases on the point here under consideration. These annotations are:

"Character of tenancy created by instrument purporting to convey one's own title or interest to himself and another" in 62 A. L. R. 514, 137 A. L. R. 348, 166 A. L. R. 1026; also, "Creation of right of survivorship by instrument ineffective to create estate by entireties or joint tenancy" in 1 A. L. R. 2d 247; and, "Validity and effect of conveyance by one spouse to other of grantor's interest in property held as estate by entireties" in 8 A. L. R. 2d 634.

[4] In *Rockamore* v. *Pembroke,* 208 Ark. 995, 188 S. W. 2d 616, we cited and followed *Stewart* v. *Tucker* on the same point here discussed.

of the deed of October 23, 1947. In *Hicks* v. *Sprankle,* 149 Tenn. 310, 257 S. W. 1044, the wife, being already the owner of the fee, made a deed to herself and husband, as grantees, and the *habendum* clause recited that the grantees were to hold the property "as an estate by the entirety." The Tennessee Supreme Court (1) held that the wife's name as grantee was mere surplusage, and (2) struck down the *habendum* clause as being in conflict with the granting clause: with the net result that the husband was held to be the exclusive owner of the property. We cannot follow that case, because ever since *Beasley* v. *Shinn,* 201 Ark. 31, 144 S. W. 2d 710, 131 A. L. R. 1234, it has been the rule in this State that the intention of the parties is to be gathered from the entire document, and that even when the *habendum* clause is in conflict with the granting clause, we use the *habendum* clause to aid in determining the intention of the parties in order to give effect thereto.[5] From the deed in question it is clear that it was not the intention of the parties to make Mrs. Harms sole owner of all the property at the time of the execution of the deed. Neither can we hold that an estate by entirety was created by the deed, because there were not present the legal formalities essential to the creation of such an estate—that is, the four unities of interest, title, time, and possession. Thus the conclusion is inescapable, that the deed of 1947 made Mr. and Mrs. Harms tenants in common in the property, and Mr. Harm's interest passed to his heir at law under the Statute of descent and distribution, subject to dower and homestead, if any.

In the briefs attention is called to Act 86 of 1935, now found in § 50-413, Ark. Stats., which allows spouses to convey directly to each other. From that Statute, appellant urges that an estate by entirety can be created by such a conveyance as is involved in this case. We reject that contention. An estate by the entirety partakes of the nature of a joint tenancy to the extent of requiring the concurrence of the four unities of interest, time,

---

[5] Some of our cases, following the rule of *Beasley* v. *Shinn,* are: *Stewart* v. *Warren,* 202 Ark. 873, 153 S. W. 2d 545; and *Carter Oil Co.* v. *Weil,* 209 Ark. 653, 192 S. W. 2d 215.

title and possession, as previously mentioned; and these unities did not concur in the deed here in question. The interest of a husband in the estate by entirety can be conveyed to his wife by virtue of the said Act 86 of 1935: such was our holding in *Ryan* v. *Roop*, 214 Ark. 699, 217 S. W. 2d 916. But an estate by the entirety can come into existence only when the required essentials are observed, just as is pointed out by Mr. Justice ROBINS in *Stewart* v. *Tucker* (*supra*). Those essentials did not exist in *Stewart* v. *Tucker* and do not exist in the case at bar.

The Circuit Judge correctly held that Mrs. Weir was not the full and complete owner of the premises.

Affirmed.