CLAUD JENKINS ET AL *v.* JOHN LEROY SIMMONS ET AL

5-3984                                          407 S. W. 2d 105

Opinion delivered October 24, 1966

*Paul K. Roberts*, for appellants.

(No brief filed for appellees).

CARLETON HARRIS, Chief Justice. This appeal relates to the construction of a deed. J. L. Scobey, a widower, married Ella Jenkins, a widow, on January 9, 1938. No children were born of this marriage. However, Scobey was the father of several grown children by a prior marriage, and these children, together with a grandchild, are appellees herein. Mrs. Scobey (Jenkins) also had children by a former marriage, and these children are appellants herein. After their marriage, J. L. and Ella purchased the land involved in this litigation in 1938, from G. W. Martin and wife, said deed conveying the property to "J. L. Scobey and Ella Scobey, his wife." This conveyance, of course, created an estate by the entirety. Thereafter, on April 26, 1947, J. L. and Ella conveyed by warranty deed the land involved to Lera C.

Funk, and on the same date, Mrs. Funk conveyed the land back to the Scobeys, pertinent portions of the deed reading as follows:

" * * * That I, Mrs. Lera C. Funk, * * * do hereby grant, bargain, sell and convey unto the said J. L. Scobey and Ella Scobey not as an estate in the entirety but in equal parts, and unto their heirs and assigns, forever, the following lands lying in the County of Bradley and State of Arkansas, to-wit:

(Description of lands)

"IT BEING EXPRESSLY UNDERSTOOD, each of the grantees is to receive an undivided one-half interest in the lands herein conveyed, to be inherited by their heirs at their death, unless conveyed by both of them prior to their deaths, and cannot be conveyed by either without the other joining therein.

"This Deed to operate as though the grantees were strangers and not husband and wife."

The parties remained married until the death of J. L. Scobey on March 11, 1964; Ella Scobey died less than two weeks later, on March 24, 1964. They had not conveyed the property at the time of their deaths.

Appellants instituted suit in the Chancery Court of Bradley County, contending that, as heirs of Ella Jenkins Scobey, they were entitled to the lands here in issue, because (they assert) that irrespective of the language in the 1947 deed, an estate by the entirety was created, and since their mother had survived her husband, absolute title to the property vested in her. Appellees answered, contending that they were the owners of an undivided one-half interest in the lands by virtue of the deed heretofore quoted. On trial, the court held that the deed conveyed an undivided one-half interest in the property to J. L. Scobey, and a one-half undivided interest to Ella Scobey; that J. L. and Ella were tenants

in common, each holding a one-half interest in the property. The court then found that the heirs of J. L. Scobey, as a class, were the owners of an undivided one-half interest, and the heirs of Ella Scobey, as a class, were the owners of an undivided one-half interest, and appellants and appellees were thus tenants in common as to themselves. From the decree so entered, appellants bring this appeal.

Appellants vigorously contend that the deed from Lera Funk to the Scobeys created an estate by the entirety, for the simple reason that J. L. and Ella were man and wife at the time of the conveyance. Several of our earlier cases are cited in support of this argument, but none of these cases are in point.[1] *Redmon* v. *Hill,* 233 Ark. 45, 342 S. W. 2d 410, is determinative of the issue in this litigation, that case holding that deeds are to be construed in a manner that will most nearly carry out the intention of the parties, consistent, however, with the rules of law. Quoting earlier cases, we said:

" * * * 'In the construction of a deed like any other contract it is the duty of the court to ascertain, if possible, the intention of the parties, especially that of the grantor.' To the same effect is the decision in *Carter Oil Company* v. *Weil,* 209 Ark. 653, 192 S. W. 2d 215, where it was stated that: 'All deeds are to be construed favorably, and as near the intention of the parties as possible, consistently with the rules of law.' "

With the above quoted language as our guide, there

---

[1] For instance, *Robinson* v. *Eagle and Wife,* 29 Ark. 202, and *Parrish* v. *Parrish,* 151 Ark. 161, 235 S. W. 792, merely hold that a conveyance to a husband and wife (no limitations or conditions were involved) creates an estate by the entirety, *Parrish* holding that this is true though the deed does not reflect that the parties are husband and wife. *Roulston* v. *Hall,* 66 Ark. 305, 50 S. W. 690, holds that an estate by the entirety is not subject to dower. *Weir* v. *Brigham,* 218 Ark. 354, 236 S. W. 2d 435, holds that Act 86 of 1935 (permitting spouses to convey directly to each other) cannot be relied upon to create an estate by the entirety. See however, the later case of *Ebrite* v. *Brookhyser,* 219 Ark. 676, 244 S. W. 2d 625.

remains no doubt as to the correctness of the holding by the trial court. If ever an intent was clearly expressed in a deed, it is in this case. The language literally "spells out" exactly what the parties have in mind—namely, that the heirs of each grantee shall inherit an undivided one-half interest in the property from his or her parent. The court was correct in finding that Scobey and wife were tenants in common, and that their heirs are likewise tenants in common in the lands at issue.

Appellants assert that if the Chancellor was correct in this holding, then "it must be conceded that Ella Scobey had dower and homestead interests in the J. L. Scobey undivided half interest." It is true that Ella Scobey had this interest for nearly two weeks, but when she died, her dower and homestead interests passed completely out of the picture, for, since her husband left children, she only had a life interest in his lands. See *Atkinson v. Van Echaute,* 236 Ark. 423, 366 S. W. 2d 273; also Ark. Stat. Ann. § 61-201 (1947), together with compiler's note to section.

In accordance with what has been said, it is evident that the learned Chancellor reached the right conclusions.

Affirmed.