REDMON *v.* HILL.

5-2293                                   342 S. W. 2d 410

Opinion delivered January 30, 1961.

46

*William H. Drew,* for appellants.

*W. K. Grubbs, Sr.,* for appellees.

PAUL WARD, Associate Justice. The pivotal issue involved on this appeal is the construction of a warranty deed purporting to convey real estate to a man and his wife by the entirety.

Under the view which we take of the entire matter, the material facts may be briefly stated. Duncan Hill owned a residence on which he and his wife, Emma, executed a mortgage on March 1, 1935 to Sol Meyer to secure an indebtedness in the amount of $260. Not being able to pay the indebtedness, Hill and his wife executed a deed conveying the property to Meyer on February 24, 1936. In February, 1941 Hill and his wife paid all the indebtedness, and on October 27, 1941 Meyer and his wife executed a warranty deed, using a printed form, conveying the property to ''Duncan Hill and Emma Hill.''

Hill and his wife resided on the property until Hill died in 1951 and then Emma died in 1958. After Emma's death one of her heirs who had been living with her continued to live on the property until this litigation was instituted. This action was brought by appellees, the heirs of Duncan, to eject Bessie Shaw and the other heirs of Emma from the property. The theory on which appellees' action was based was that the deed from Meyer merely amounted to a satisfaction of the Mortgage, thereby reinvesting the title in Duncan as if no

mortgage had ever been executed, it being conceded that, since no children were born to Duncan and Emma, the heirs of Emma would have an undivided one-half interest in the property.

After a full hearing at which testimony was taken on two separate occasions, the Chancellor rendered a decree in favor of appellees. It is our conclusion that the decree must be reversed.

In reaching the above conclusion we by-pass a full discussion of some of the issues raised during the trial. One of these is whether or not the deed from Meyer merely amounted to a release of the mortgage. Another is whether appellants properly asked to have said deed reformed.

The deed from Meyer to Duncan Hill and Emma Hill, in the granting clause, contained the words "unto *his* heirs and assigns" instead of "unto *their heirs and assigns . . .*" (emphasis supplied.) The positive and uncontradicted testimony showed that Duncan Hill asked to have the deed made to him and his wife. Appellees do not deny this, and apparently the Chancellor recognized the fact to be established. However, the Chancellor took the view that our decision in the case *Harmon* v. *Thompson*, 223 Ark. 10, 263 S. W. 2d 903 precluded him from holding the deed conveyed an estate by the entirety to Hill and his wife. In this we think the Chancellor was in error. In two important respects the facts in the *Harmon* case are easily distinguishable from the facts in the case under consideration. One, in the cited case it is clear, because of the erasures and changes, that the word "his" was deliberately and purposely used instead of the word "their." Such is not the case here. Two, in the cited case the all important fact of intent is not definitely shown, as it is in this case. It may be also added in this connection that there is substantial evidence that Mrs. Hill furnished a large part of the money to pay the debt owing Meyer. This fact substantiates the direct evidence on the matter of intent. The decision and the reasoning in the *Harmon* case is

sound, but it is based entirely upon the peculiar facts of that case.

In the case of *Jackson* v. *Lady,* 140 Ark. 512 (at page 523) 216 S. W. 505, this court said: "In the construction of a deed like any other contract it is the duty of the court to ascertain, if possible, the intention of the parties, especially that of the grantor." To the same effect is the decision in *Carter Oil Company* v. *Weil,* 209 Ark. 653, 192 S. W. 2d 215, where it was stated that: "All deeds are to be construed favorably, and as near the intention of the parties as possible, consistently with the rules of law."

As before stated, the undisputed evidence in this case shows a clear intent not only of the grantor but of the grantees to create an estate by the entirety in Hill and his wife. This being true, it is immaterial whether the original debt was extinguished or not by the conveyance to Meyer by Hill and his wife. In either event, they had a right to have the property reconveyed to them in accordance with their wishes. Prior to the passage of Act 86 of 1935 (Ark. Stats., § 50-413) it was the customary method of changing the title vested in the husband to an estate by the entirety in him and his wife to first deed to a third party and then have that party deed to the husband and wife. In such a case the nature of the title held by the third party was immaterial, and likewise, in this case, the nature of the title held by Meyer was of no consequence.

For the reasons above set forth the decree of the trial court is reversed.

McFADDIN, GEORGE ROSE SMITH, and ROBINSON, JJ., concur.

ED. F. McFADDIN, Associate Justice, concurring. I concur in the result reached by the majority in this case, as it is my view that the 1941 deed from Meyer to Duncan Hill and Emma Hill vested in the grantees an estate by the entirety.

Hill executed a warranty deed to Meyer in 1936. So far as the world knew, from an examination of the record, the legal title to the property was thereby placed in Meyer. A heavy burden would have been on Hill to prove that the absolute deed in 1936 was, in fact, a mortgage. Hill had a right to make such effort; or he had the right to affirm the 1936 deed to Meyer as an absolute conveyance and then seek a re-conveyance. Hill and his wife elected to take the latter course and sought a re-conveyance. The proof is abundant—more than sufficient—to show that Hill affirmed the 1936 conveyance to Meyer as an absolute deed and sought and obtained a re-conveyance to himself and his wife as tenants by the entirety.

This case is far different from a mere release deed of a mortgage. In that situation, there was originally only a conveyance with an express defeasance; and the release deed shows the satisfaction of the defeasance and thereby cancels the conveyance. A mere release deed by a mortgagee would not create an estate by the entirety where none had existed before, even if the mortgagor's wife's name appeared in the release deed. The situation here is vastly different. There was an absolute conveyance to Meyer in 1936; and Hill, instead of having that absolute conveyance declared a mortgage, sought and obtained a re-conveyance to Hill and wife in 1941, and that re-conveyance, under the facts here, created an estate by the entirety.

GEORGE ROSE SMITH and ROBINSON, JJ., join in this concurrence.