A. F. BAKER, et al *v.*
Clarence L. WESTMORELAND, et ux

75-5                                                522 S.W. 2d 402

Opinion delivered May 5, 1975

*Garner, Garner & Cloar*, for appellants.

*Carneal Warfield*, for appellees.

FRANK HOLT, Justice. This is an action to quiet title. Appellants, the natural children of A. W. Baker, deceased, petitioned the chancellor to declare them the owners of an undivided 6/7ths interest in property owned by their father. The chancellor held that Baker owned this property with his wife as tenants by the entirety. Therefore, upon Baker's death in 1951 the property went to his wife rather than to Baker's heirs. Mrs. Baker died in 1966 leaving her son, appellee Westmoreland, as her sole heir. Appellants assert for reversal there is insufficient evidence to support the chancellor's finding of a tenancy by the entirety.

The record reflects that Baker, individually, obtained title to 79 acres of farm land in 1936. In 1946, Baker and his wife, Emma, as joint grantors, conveyed this property by warranty deed to Ernest Mangum. By the granting clause, a vendor's lien was retained for the unpaid balance evidenced by notes payable to the grantors. Upon default, the granting clause provided "that the Grantors at their option" could declare the entire debt due. The Mangums defaulted and in

1947 conveyed the property to "A. W. Baker and Emma Baker, Man & Wife, and unto his heirs ***." The granting clause also contained this significant language. "(The object of this deed is to return title to Grantee herein, without foreclosure for balance of purchase price.)"

The only issue is whether the Mangums' deed conveyed a tenancy by the entirety to the Bakers. Appellant relies upon *Harmon* v. *Thompson*, 223 Ark. 10, 263 S.W. 2d 903 (1954). There we held that a grant to "Dave Harmon and Gertie Harmon and unto his heirs and assigns forever" did not convey a tenancy by the entirety. The facts in that case, however, are peculiarly different from these in the case at bar. There the word "his" was typed into the printed form deed. This was erased and the word "theirs" typed in. Then "theirs" was inked out and the word "his" inserted by writing. We held that this written insertion was deliberate and could not be treated as a mere inadvertence.

The later case of *Redmon* v. *Hill*, 233 Ark. 45, 342 S.W. 2d 410 (1961), distinguished *Harmon* v. *Thompson, supra*. In *Redmon* the granting clause of the deed conveyed property to Duncan Hill and Emma Hill, and **** unto his heirs and assigns ****." There we said:

> In two important respects the facts in the *Harmon* case are easily distinguishable from the facts in the case under consideration. One, in the cited case it is clear, because of the erasures and changes, that the word "his" was deliberately and purposely used instead of the word "their." Such is not the case here. Two, in the cited case the all important fact of intent is not definitely shown, as it is in this case.

In *Redmon* v. *Hill, supra,* there was testimony that Hill asked that the deed be made to him and his wife. Likewise, in the case at bar, Mrs. Mangum's uncontradicted testimony is that the deed was made according to Baker's direction. There is no indication that the use of the word "his" was purposely and deliberately done to alter the intent in the deed. Additionally, the conveyance here from the Mangums to the Bakers, as grantees, includes the phrase "Man and Wife."

Further, the reconveyance was specifically noted as being for the purpose of cancellation of their notes to Baker and his wife, Emma, when they jointly conveyed the property to the Mangums. Although the Mangum deed recites the purpose of the conveyance "is to return title to grantee herein" that does not negate the fact that the "grantee" in the singular could include Baker and his wife since both were the grantors in their deed to the Mangums. We hold that *Redmon* is applicable and controlling in the case at bar.

Neither do we consider Baker's 1936 unprobated will nor who paid the taxes on the property as being of any significance in determining the pivotal issue before us, which is the construction of the reconveyance by the Mangum deed. The chancellor's interpretation is in accord with our well established rule of property. *Mills Heirs* v. *Wylie*, 250 Ark. 703, 466 S.W. 2d 937 (1971).

Affirmed.