CURTIS *v.* PATRICK.

5-3088                                                371 S. W. 2d 622

Opinion delivered October 28, 1963.

*E. L. Holloway,* for appellant.

*William B. Wharton* and *Kirsch, Cathey & Brown,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises from a suit to cancel a deed from a widow to her son. On August 5, 1961, appellee Lillie Patrick Summers executed a warranty deed to one of her sons, appellee Herschel M. Patrick. On June 9, 1962, appellant Dorothy Patrick Curtis, a daughter, filed suit in Clay Chancery Court seeking to have the deed set aside as a cloud on her title, alleging that the property had been owned by the late N. T. Patrick individually, not by N. T. Patrick and Lillie Patrick (Summers) as tenants by the entirety, that Lillie Patrick Summers was entitled to her dower and homestead only, and contending that legal title to the property was in the four children of N. T. Patrick. At trial on December 3, 1962, the chancellor found that the lands here involved were sold to the State following nonpayment of 1917 taxes and were not re-

deemed within two years; that on September 21, 1939, the State conveyed the property to N. T. Patrick and Lillie Patrick by deed recorded January 10, 1940; that in January 1940 N. T. Patrick and Lillie Patrick and their family took possession of the property and remained in possession until the death of N. T. Patrick about November 21, 1941; that on October 17, 1941, the trustee for the Big Gum Drainage District executed a quit-claim deed to the property to N. T. Patrick, title of the trustee being based on foreclosure proceedings for collection of delinquent drainage district taxes; that N. T. Patrick and Lillie Patrick, his wife, acquired the lands by virtue of the State deed of September 21, 1939, with any title acquired by N. T. Patrick from the drainage district inuring to the benefit of both N. T. Patrick and Lillie Patrick; that upon the death of N. T. Patrick in November 1941, Lillie Patrick acquired title to the property in fee simple, free of any claims of N. T. Patrick's heirs at law; that following the death of N. T. Patrick, Lillie Patrick conveyed the property to Herschel Patrick, retaining a life estate; that title should be quieted in Lillie Patrick Summers and Herschel M. Patrick and that appellant's complaint should be dismissed. From the decree dismissing the complaint, appellant has appealed, contending that the trial court erred in holding that the State deed created an estate of entirety and denying appellant's allegation that the property was that of N. T. Patrick by virtue of the drainage district quitclaim deed.

The Commissioner of State Lands deeded the property to "N. T. Patrick and Lillie Patrick", without referring to them as tenants by the entirety or as husband and wife, on September 21, 1939. Appellees' request for admissions established that the parties were husband and wife on that date. In *Parrish* v. *Parrish*, 151 Ark. 161, 235 S. W. 792, this court stated:

"It is also contended by counsel for the defendant that the deed in question did not convey an estate by the entirety to Joseph E. Parrish and Emma Parrish

because they are not mentioned in the deed as husband and wife.

"We do not think that this makes any difference. The complaint alleges that the parties were husband and wife at the time the deed was executed, and it is the conveyance of the property to the husband and wife jointly which creates the estate by the entirety."

Thus failure to use the magic words "husband and wife" or "tenants by the entirety" will not defeat a tenancy by the entirety where property is conveyed to two parties who are in fact husband and wife. The State deed created an estate by the entirety in the Patricks in September 1939.

On October 17, 1941, the trustee for the drainage district executed a quitclaim deed to N. T. Patrick which recited that "[t]he consideration herein paid, is in full satisfaction of all delinquent Big Gum Drainage District taxes, penalty, interest, attorney fees and costs adjudged against the above described land." Subsequently N. T. Patrick and Lillie Patrick executed a mortgage on the property to the trustees for part of the consideration of the quitclaim deed. Appellant has made no showing that N. T. Patrick and Lillie Patrick were disseised of title prior to execution of the quitclaim deed. Without determining the validity of the drainage district foreclosure decrees, the common law rule applicable here has been implemented by a long series of decisions, the earliest of which is probably *Moore* v. *Woodall*, 40 Ark. 42, and reiterated as recently as *Vesper* v. *Woolsey*, 231 Ark. 782, 332 S. W. 2d 602, as follows:

. . . "We have repeatedly held that the acquirement of a tax title by a tenant in common operates as a redemption for the benefit of all tenants."

N. T. Patrick and Lillie Patrick acquired title to this property as tenants by the entirety in 1939, went into possession of the property in 1940, and remained there until after N. T. Patrick's death. "The rule seems thoroughly settled that a husband or wife cannot obtain

a tax title . . . in opposition to the other when they are in joint possession.'' *Herrin* v. *Henry,* 75 Ark. 273, 87 S. W. 430.

Affirmed.