Charles L. HONEY, Executor of the Estate of Verna Bell
Hamilton *v.* Ruth Hamilton HICKEY and Wanda Hamilton
Jones

CA 88-123                                        760 S.W.2d 81

Court of Appeals of Arkansas
Division I
Opinion delivered November 23, 1988

*Honey & Honey, P.A.,* for appellant.

*Graves & Graves,* for appellees.

JAMES R. COOPER, Judge. The appellant in this chancery case, the executor of the estate of Vera Bell Hamilton, brought an action to set aside a deed executed by the deceased, alleging that it was invalid because of the grantor's lack of mental capacity and undue influence exerted on the grantor. The complaint also alleged that the deed violated an oral contract between the deceased and her husband to execute and not to revoke reciprocal wills. In an order filed February 19, 1988, the chancellor found that the appellant failed to prove lack of mental capacity or violation of the oral contract concerning reciprocal wills. From that decision, comes this appeal.

The appellant contends that the trial court erred in ruling that certain statements regarding the execution of Mrs. Hamilton's will, and her then-existing state of mind and physical condition, were inadmissible. We reverse.

At trial there was evidence that the deceased, Vera Bell Hamilton, and her husband, Horace Hamilton, entered into an oral contract to execute reciprocal wills to provide that the surviving spouse would inherit the entire estate and, upon the death of the survivor, the real property would be inherited by their son, James Hamilton, and his wife. According to the purported agreement, the personal property was on the survivor's death to be divided between the appellees, Ruth Hamilton Hickey and Wanda Hamilton Jones, the daughters of Vera and Horace Hamilton. Horace died in 1980, and Vera received all of his assets under the provisions of his will. However, on August 2, 1984, Vera executed a warranty deed conveying the real property mentioned in the oral contract to Ruth and Wanda, the appellees, subject to a life estate reserved to herself. Vera subsequently died on October 1, 1984.

The appellant contends that, on four occasions, the chancellor erroneously sustained objections to questions asked by the

appellant's attorney. The first instance involved testimony given by Vera's daughter-in-law concerning a series of strokes Vera suffered just prior to her death. The appellant's attorney attempted to elicit testimony fixing the period of time in which the strokes took place; when the witness began to answer on the basis of what Vera had told her about the strokes, the appellee made a hearsay objection which the chancellor sustained. A second hearsay objection was sustained when the same witness attempted to testify about the oral agreement to make reciprocal wills, based on discussions she had heard between Horace Hamilton, Vera Hamilton, and James Hamilton. The testimony of Ruth Hickey concerning Horace and Vera's intentions to make wills leaving their real property to James was also excluded by the chancellor on hearsay grounds. Finally, the chancellor sustained a hearsay objection to the testimony of Bessie Clevenger, concerning statements made in her presence by Horace and Vera at the time the wills were executed.

Rule 803(3) of the Arkansas Rules of Evidence provides that the hearsay rule does not exclude:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition, such as intent, plan, motive, design, mental feeling, pain, and bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

The appellant did not proffer any of the excluded testimony. With respect to the questions concerning Vera's strokes and the agreement to make reciprocal wills, we are unable to determine from the context in which the questions were asked whether the evidence related to the wills *per se* or to other theories advanced by the appellant at trial. Under these circumstances, the chancellor's exclusion of the evidence cannot be considered error. *Boykin v. State*, 270 Ark. 284, 603 S.W.2d 911 (1980); A.R.E. 103(a)(2). However, it is apparent from the context of the question addressed to Bessie Clevenger concerning what was said when the wills were executed that the substance of the testimony, if permitted, would have concerned the intent and state of mind of the testators at the time the wills were executed. Moreover, at a

prior bench conference concerning the exception to Rule 803(3) dealing with statements of memory or belief relating to the execution of a will, the appellant's attorney discussed at length the admissibility of testimony he would seek to introduce at trial. In this context, he stated that it was common knowledge among family members that the decedents had agreed to make wills leaving their real property to James Hamilton, and that he could demonstrate the existence of the agreement through third-party witnesses to the agreement who were not beneficiaries. In light of this bench conference and of Bessie Clevenger's testimony that she was Horace Hamilton's sister and that she was present when the wills were executed, we think that the proffer was sufficient and that the testimony was proper under Ark. R. Evid. 803(3), *see Greenwood* v. *Wilson*, 267 Ark. 68, 588 S.W.2d 701 (1979). We hold that the chancellor erred in excluding this testimony.

Reversed and remanded.

CORBIN, C.J., and MAYFIELD, J., agree.