SLIP OPINION

Cite as 2015 Ark. App. 224

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-908

| | | |
|---|---|---|
| LINDA MORRISON | | **Opinion Delivered** April 8, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. CV-13-114G] |
| V. | | |
| | | HONORABLE STEPHEN TABOR, JUDGE |
| DONAVEA CARRUTH | | |
| | APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Linda Morrison owns a parcel of land that abuts another parcel owned by appellee Donavea Carruth. A nine-and-a-half-foot-wide strip runs along the parties' common boundary line. Morrison filed a petition for declaratory judgment and to quiet title, alleging two separate theories: 1) that the strip was encompassed by her property description; or 2) alternatively, that she had adversely possessed the land by maintaining, using, and improving the property. The Sebastian County Circuit Court determined that Morrison failed to meet her burden of proof on either theory. On appeal, Morrison argues that the circuit court erred in finding that she failed to meet her burden of proving the common-law elements of adverse possession. We find no error and affirm.

This court reviews adverse-possession and quiet-title actions de novo on the record and will not reverse a finding of fact by the trial court unless it is clearly erroneous. *Parkerson v. Brown*, 2013 Ark. App. 718, 430 S.W.3d 864. In reviewing a trial court's findings of fact, this court gives due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Strother v. Mitchell*, 2011 Ark. App. 224, 382 S.W.3d 741.

Morrison moved onto her property in 1980 and purchased it in January 1982. At the time she bought the land, a storage building that had been on the property for twenty years and a dog pen encroached onto the disputed nine-and-a-half-foot-wide strip. The exact distance of these encroachments was not specified but was estimated as being anywhere from inches to maybe a foot or so. It was undisputed that a ditch was contained within the nine-and-a-half-foot-wide strip and that Morrison's water meter was located about a foot beyond Carruth's side of the ditch. It was also undisputed that the water meter had been in that location at the time Morrison purchased the property. Morrison planted pine trees along her side of the ditch in 1981, and she subsequently planted some crape myrtles next to the pine trees. At some point, Morrison had a compost area within the disputed strip, but that compost area had been removed by the time of trial. Morrison offered no survey of the boundary lines and conceded that she did not have any idea, based on the land description contained in the deed, where her boundary lines actually were. Morrison never erected a fence on the property, but she did put up a dog pen in April 2013. This was the first structure that she had built on the disputed strip of land.

SLIP OPINION

Carruth moved onto her property in 1985, with the understanding that the strip running along the boundary was within her land description. She supported this understanding with the sworn testimony of Christine Woods, who owned the property directly behind Morrison's property and who had initially sold the property to Morrison, that the ditch was entirely within Carruth's property boundary. Carruth acknowledged that the storage shed and original dog pen encroached onto the disputed strip, but only by a minimal amount. The dog pen that Morrison built in 2013 was the first time that any structure had been erected that directly encroached on Carruth's property. Both Morrison and Carruth claimed to have been responsible for mowing and maintaining the disputed tract.

Based upon this evidence, the circuit court entered an order denying Morrison's petition for declaratory judgment and quiet title. The court first rejected Morrison's claim that she was the record owner of the property, noting that she never introduced a survey or other competent evidence to support her claim that the property at issue lay within the legal description set forth in her deed.

Second, the court rejected Morrison's adverse-possession claim for failure of proof. The court found that the pine trees were planted before Carruth became Morrison's neighbor; therefore, they were not evidence of adverse possession against Carruth because she could not have been aware that they were planted in derogation of any property rights she held. Likewise, the storage buildings and the old dog pen had been on the property at the time Morrison purchased it and, in any event, encroached by only a few inches over the property line. The court placed little weight on the evidence of the compost pile, as it had been

removed by Morrison. The court found that the evidence regarding who maintained the property was evenly balanced; since the burden of proof rested with Morrison, the court resolved that issue in favor of Carruth. Because Morrison could not establish the common-law elements of adverse possession, the court found it unnecessary to consider the statutory requirements, and it therefore ruled in favor of Carruth and against Morrison.

On appeal, Morrison argues that the circuit court erred in finding that she failed to establish all of the common-law requirements for adverse possession. Adverse possession is governed by common law. *Lafferty v. Everett*, 2014 Ark. App. 332, 436 S.W.3d 479; *Sutton v. Gardner*, 2011 Ark. App. 737, 387 S.W.3d 185. To prove the common-law elements of adverse possession, a claimant must show that he has been in possession of the property continuously for more than seven years and that the possession has been visible, notorious, distinct, exclusive, hostile, and with intent to hold against the true owner. *Lafferty*, *supra*. Whether possession is adverse to the true owner is a question of fact. *Id.*; *Walker v. Hubbard*, 31 Ark. App. 43, 787 S.W.2d 251 (1990); *Hicks v. Flanagan*, 30 Ark. App. 53, 782 S.W.2d 587 (1990). It is ordinarily sufficient that the acts of ownership are of such a nature as one would exercise over her own property and would not exercise over that of another, and that the acts amount to such dominion over the land as to which it is reasonably adapted. *Lafferty*, *supra*; *Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999). The proof required as to the extent of possession and dominion may vary according to the location and character of the land. *Moses v. Dautartas*, 53 Ark. App. 242, 922 S.W.2d 345 (1996).

We hold that the circuit court did not err in finding that Morrison failed to establish the common-law elements of adverse possession. The testimony clearly supports the circuit court's findings. The physical encroachments by the storage shed and dog pen were so slight as to be nearly imperceptible, and, as the circuit court found, their "existence certainly does not meet the common-law elements of adverse possession." The pine trees were planted before Carruth ever moved onto the property, so she could not have been aware that they had been planted in derogation of her property rights. Finally, the evidence as to who mowed and maintained the property was considered and balanced by the circuit court, which correctly found that, since the testimony was evenly divided, Morrison failed to meet her burden of proof. *See Barre v. Hoffman*, 2009 Ark. 373, at 10, 326 S.W.3d 415, 421 ("Where the evidence tends equally to sustain two inconsistent propositions, the party having the burden of proof cannot prevail.") (quoting *Titan Oil & Gas, Inc. v. Shipley*, 257 Ark. 278, 298, 517 S.W.2d 210, 222–23 (1974)).

Because Morrison failed to establish the common-law elements, the circuit court found it unnecessary to rule on the statutory elements of adverse possession. Morrison nonetheless argues that her deed can be relied upon to satisfy the color-of-title requirement and that it was "uncontroverted" that she "paid all of the property taxes on the property she purchased in 1982 which lies contiguous to the property in dispute." This is essentially an argument that she met the statutory requirements of adverse possession. Arkansas Code Annotated section 18-11-106 (Supp. 2013), which codified Act 776 of 1995, added that the claimant must prove color of title and payment of taxes on the subject property or contiguous property for seven

5

years as a statutory requirement for proof of adverse possession, in addition to the common-law elements. Morrison's argument is without merit.

First, no evidence regarding Morrison's deed or tax payments was ever introduced at trial. Instead, Morrison attached copies of her deed and tax records to her complaint. Exhibits to a pleading, however, are not evidence and must be introduced at trial in order to be considered. *S. Farmers Ass'n v. Wyatt*, 234 Ark. 649, 353 S.W.2d 531 (1962); *see also Jones v. Harris*, 221 Ark. 716, 255 S.W.2d 691 (1953); *Foster v. Elledge*, 106 Ark. 342, 153 S.W.819 (1913).

Second, it was unnecessary for the circuit court to rule on the additional statutory elements at all, because the statute applies only to adverse-possession claims that would have vested after the statute was enacted in 1995. *See Teague v. Canfield*, 2014 Ark. App. 716, at 6; *Lafferty*, 2014 Ark. App. 332, at 2, 436 S.W.3d at 480 ("The claimant need not comply with the statutory change, however, if the right to the disputed property vested before 1995."). As Morrison contended that she had possessed the property adversely since 1982, the seven-year period necessary to establish adverse possession would have vested long before 1995. Accordingly, Morrison is incorrect that she "proved" that she satisfied the statutory elements of adverse possession.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Walters, Gaston, Allison & Parker, Attorneys at Law*, by: *Michael N. Harry*, for appellant.

*Milligan Law Offices*, by: *Phillip J. Milligan*, for appellee.