

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–583

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** December 2, 2015 |
| ADRIANNE O'NEAL | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-14-2648] |
| V. | | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ETHEL LOVE | APPELLEE | REVERSED ON DIRECT APPEAL; REVERSED IN PART AND AFFIRMED IN PART ON CROSS-APPEAL |

## PHILLIP T. WHITEAKER, Judge

Adrianne O'Neal appeals a Pulaski County Circuit Court order declaring her a tenant in common with Ethel Love and quieting title to certain real property in Pulaski County, Arkansas. Ethel Love cross-appeals that same order. Because the trial court committed an error of law in declaring the parties to be tenants in common and in quieting title in both parties, we reverse and remand for reconsideration, on both direct and cross-appeal, the order quieting title. However, we affirm on cross-appeal the trial court's evidentiary rulings.

A brief review of the facts is necessary. The property subject to this lawsuit is located in Pulaski County, Arkansas. Adrianne and Ethel each purports to have obtained sole title to the property through separate conveyances from either Herbert Love or Gloria Love, while Herbert and Gloria were married. Adrianne, the daughter of Herbert and Gloria, purports

to have obtained her title to the property from Gloria. Ethel, Herbert's sister, purports to have obtained her title to the property from Herbert.

Initially, the property was owned by Herbert, individually. In 1995, Herbert and Gloria executed a warranty deed from themselves as grantors to themselves as grantees. The 1995 Warranty Deed specifically designated Herbert and Gloria as husband and wife in their capacity as grantors. There was no such designation in their capacity as grantees. Although the deed was executed in 1995, it was not recorded at that time.[1]

On July 1, 1999, while Herbert was married to Gloria, Herbert conveyed a quitclaim deed to Ethel.[2] Subsequently, Ethel lived with Herbert on the property, paid taxes and insurance thereon, and made some improvements thereto. Herbert died in 2004.[3] After his death, Ethel remained on the property.

In June 2014, Gloria conveyed a quitclaim deed to Adrianne. Adrianne immediately sent Ethel a notice to vacate. Ethel refused.

Upon Ethel's refusal to vacate, the current litigation began. Adrianne filed an action for unlawful detainer against Ethel. Ethel answered, denied the complaint, and raised multiple

---

[1] In October 2014, months after the initiation of the current litigation between the parties, Gloria filed of record the 1995 Warranty Deed.

[2] The 1999 Quitclaim Deed gives the street address of the property, but the actual legal description noted in the deed only describes a portion of the property as originally deeded to Herbert. A subsequent correction deed purportedly signed by Herbert and Gloria was recorded in May 2004 and was issued to correct the legal description of the property and the grantors. The validity of this deed was called into question during a deposition, and it appears that Ethel admitted that it was most likely a forgery. This deed was not introduced into evidence at trial.

[3] At the time of his death, Herbert was still married to Gloria.

defenses: (1) title to the property, (2) color of title plus payment of taxes on the property for the last ten years, (3) title to the property through adverse possession, (4) Adrianne's claim had been improperly made more than five years after her predecessor's claim arose and that Gloria had no interest in the property to deed to Adrianne, (5) the statute of limitations on Adrianne's unlawful detainer action had run, and (6) she was a good-faith purchaser of the property for value because she made a payment on the property for Herbert to keep it from foreclosure. Ethel filed a counterclaim seeking to quiet title, alleging (1) fee simple ownership by exclusive possession under a claim of right and payment of taxes since 1999; (2) adverse possession since 1999; and (3) that Gloria had abandoned any homestead rights or dower interest in the property by failing to assert them within the applicable limitations period.[4] Adrianne responded by denying the counterclaim.

The claims of both parties proceeded to a bench trial on February 12, 2015.[5] During the course of the trial, Adrianne introduced, over the objection of Ethel, an "affidavit" dated June 29, 1995, from Herbert Love stating his intent that his wife, Gloria, own the house and "no other person." Adrianne also introduced, over the objection of Ethel, the 1995 Warranty Deed. At the conclusion of the hearing, the trial court made the following findings of fact and conclusions of law:

---

[4] Ethel subsequently amended her counterclaim to include a request for damages to recover for improvements and taxes paid on the property if the court did not quiet title in her name. Adrianne again denied the allegations in the amended counterclaim.

[5] The abstract erroneously states that the bench trial was held on October 27, 2014. The summary-judgment hearing was held on that date.

Herbert Love was the sole owner, prior to 1995, of the subject property. In 1995 he and Gloria Love signed a deed to themselves that, although it recited that they were married, did not deed the property to themselves as tenants by the entireties. Therefore, the 1995 deed created a tenants in common title between the married couple. In 1999, Herbert Love deeded his one-half interest to [Ethel] by virtue of a deed that was admitted into evidence. While that deed contains a legal description that gives only Lot 7 to [Ethel], the Court finds that the deed should be reformed to refer to Lots 7 and 8, based upon the inclusion of the street address in the deed. In 2004, Herbert died. In 2014, Gloria deeded her one-half interest in the property to [Adrianne]. Since June 26, 2014, [Ethel] and [Adrianne] have been tenants in common with equal shares with respect to the subject property, and the Court amends both parties' pleadings to conform with the facts which the Court finds in this paragraph.

Based on these findings, the trial court quieted title in the property to Ethel and Adrianne as tenants in common with equal shares to the property. All other claims of the parties were denied and dismissed with prejudice.

Adrianne appeals the trial court's order quieting title, arguing that the trial court erred in declaring that the 1995 Warranty Deed between Herbert and Gloria Love, husband and wife, (Grantors) and Herbert and Gloria Love (Grantee) created a tenancy in common, rather than a tenancy by the entirety. She then contends that, because the trial court erred in finding that the 1995 Warranty Deed created a tenancy in common, the trial court's denial of her claim for unlawful detainer was erroneous. Finally, she argues that, even if the trial court was correct in finding that a tenancy in common was created, the trial court erred in reforming the 1999 Quitclaim Deed from Herbert to Ethel to include both Lots 7 and 8.

Ethel cross-appeals the trial court's order quieting title, arguing that the trial court erred in giving any legal effect to the 1995 Warranty Deed when it was not filed of record until after the 1999 Quitclaim Deed was recorded and after the complaint for unlawful

detainer was filed. Ethel appears to argue that she was a bona fide or good faith purchaser for value without notice of the 1995 Warranty Deed and that the statute of limitations ran on Adrianne's claim. Finally, she claims that the trial court erred in allowing admission of the 1995 "affidavit" or "letter" into evidence regarding Herbert's wishes regarding the property.

All of the issues in this case, except the last evidentiary issue on cross-appeal, hinge on the trial court's decision regarding the legal effect of the 1995 Warranty Deed from Herbert and Gloria Love, husband and wife, to Herbert and Gloria Love. Thus, we examine it first.

This court reviews adverse-possession and quiet-title actions de novo on the record and will not reverse a finding of fact by the trial court unless it is clearly erroneous. *Morrison v. Carruth*, 2015 Ark. App. 224, at 2, 459 S.W.3d 317, 319; *Parkerson v. Brown*, 2013 Ark. App. 718, 430 S.W.3d 864. In reviewing a trial court's findings of fact, this court gives due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Strother v. Mitchell,* 2011 Ark. App. 224, 382 S.W.3d 741. We do not, however, defer to the trial court on a question of law. *Peavler v. Bryant*, 2015 Ark. App. 230, 460 S.W.3d 298.

The trial court found in this case that, because the 1995 Warranty Deed did not expressly convey the property to Herbert and Gloria as "husband and wife" or as tenants by the entireties, it only created a tenancy in common between the married couple. Adrianne contends that this was error because the language of the 1995 Warranty Deed created a tenancy by the entirety, not a tenancy in common.

SLIP OPINION

A tenancy by the entirety can only be created if the four essential common law unities of interest, time, title, and possession coexist. *See Weir v. Brigham*, 218 Ark. 354, 236 S.W.2d 435 (1951). The four unities may be deemed concurrently present, and a tenancy by the entirety may be created, where a husband directly conveys his interest to his wife and himself. *Harmon v. Thompson*, 223 Ark. 10, 263 S.W.2d 903 (1954); *Ebrite v. Brookhyser*, 219 Ark. 676, 244 S.W.2d 625 (1951). Once property is placed in the names of both a husband and his wife, without specifying the manner in which they take, a presumption arises that they own the property as tenants by the entirety. *Evans v. Seeco, Inc.*, 2011 Ark. App. 739, at 5 (citing *Lofton v. Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988) (presumption arose where husband placed proceeds from sale of property into certificates of deposit bearing both his and wife's names); *Carroll v. Carroll*, 2011 Ark. App. 356 (presumption arose where club membership was purchased entirely with marital funds); and *Martindale v. Estate of Martindale*, 82 Ark. App. 22, 110 S.W.3d 319 (2003) (presumption arose where property was purchased entirely from joint banking accounts)). The words "husband and wife" or "tenants by the entirety" are not necessary to the creation of the estate. *Foster v. Schmiedeskamp*, 260 Ark. 898, 900, 545 S.W.2d 624, 626 (1977); *Curtis v. Patrick*, 237 Ark. 124, 371 S.W.2d 622 (1963).

Here, the trial court held that because the 1995 Warranty Deed did not expressly deed the property to Herbert and Gloria as husband and wife or as tenants by the entireties, only a tenancy in common was created. This was clear error because the law presumes that Herbert transferred whatever interest he had in the property by virtue of the 1995 Warranty Deed to Gloria as a tenancy by the entirety regardless of the language used in the deed.

6

Such a finding, however, does not mandate a conclusion in favor of either Adrianne on direct appeal or Ethel on cross appeal. It appears that Adrianne's unlawful detainer was dismissed by the trial court solely upon the error that the 1995 Warranty Deed created a tenancy in common without consideration of the other statutory factors in determining unlawful detainer. Likewise, Ethel claimed below that she was a good-faith purchaser for value without notice. Because the trial court erroneously determined that the 1995 Warranty Deed created a tenancy in common, the trial court did not rule on Ethel's claim that she was a good-faith purchaser for value or, if she was, whether her status as a good-faith purchaser would defeat Gloria's interest as a tenant by the entirety. These questions must be answered before Adrianne's unlawful-detainer claim can be decided. Additionally, because the trial court found Ethel to own the land as a tenant in common with Adrianne, the trial court did not rule on Ethel's adverse-possession and statute-of-limitations claims. Because these issues turn on questions of fact not previously decided by the trial court, we must remand for further consideration.

On cross-appeal, Ethel challenges the trial court's admission of the 1995 "affidavit" espousing Herbert's wishes with respect to the property and the "unrecorded" 1995 Warranty Deed transferring property to Herbert and Gloria. These documents were the subject of multiple motions in limine, which were denied by the trial court prior to trial. On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion. *Donley v. Donley*, 2015 Ark. App. 496, at 8, ___ S.W.3d ___, ___. In evidentiary determinations, a trial court has wide discretion. *Id*.

7

As noted above, the 1995 Warranty Deed was recorded in October 2014. Thus, Ethel's claim that the deed should not have been introduced because it was not recorded fails. And, despite Ethel's claims to the contrary, whether the late recording of the 1995 Warranty Deed caused it to be subordinate to the 1999 Quitclaim Deed is a question as to its validity, not its admissibility. Additionally, her contention that the 1995 Warranty Deed is inadmissible because she challenged the validity of Herbert's signature is also not one of admissibility, but instead goes to the weight of the evidence.

As for the corresponding 1995 letter or affidavit, Ethel argues that it was hearsay that should not have been admitted without accounting for the original document. However, the letter testimony was proper under the hearsay exception set forth in Rule 803(3) of the Arkansas Rules of Evidence because it showed Herbert's intent that his interest in the property be conveyed to his wife. *See Ashley v. Ashley*, 2012 Ark. App. 236, 405 S.W.3d 419 (citing *Greenwood v. Wilson*, 267 Ark. 68, 588 S.W.2d 701 (1979); *Easterling v. Weedman*, 54 Ark. App. 22, 922 S.W.2d 735 (1996); and *Honey v. Hickey*, 26 Ark. App. 99, 760 S.W.2d 81 (1988)). As for Ethel's claim that the document was not properly authenticated under Arkansas Rule of Evidence 1004, she does not appear to question the actual authenticity of the document or argue that its admission would be unfair under the circumstances. Arkansas Rule of Evidence 1003 allows duplicates in place of the original unless a genuine question is raised as to its authenticity or if its admission would be unfair under the circumstances.

Reversed on direct appeal; reversed in part and affirmed in part on cross–appeal.

VIRDEN and HARRISON, JJ., agree.

*Sanford Law Firm, PLLC*, by: *Josh Sanford*, for appellant.

*Bennie O'Neil*, for appellee.