

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–16–385

|  |  |
|---|---|
| | **Opinion Delivered** February 1, 2017 |
| WILLIAM CAMPBELL ASH<br>APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62CV-14-179] |
| V. | |
| FIRST NATIONAL BANK OF EASTERN ARKANSAS<br>APPELLEE | HONORABLE CHALK S. MITCHELL, JUDGE |
| | REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION |

## BRANDON J. HARRISON, Judge

This appeal concerns cross–motions for summary judgment in the St. Francis County Circuit Court. The circuit court dismissed William Ash's complaint with prejudice and entered judgment for First National Bank of Eastern Arkansas. Because the circuit court committed an error of law, we reverse and remand for further proceedings consistent with this opinion.

I. *Case History*

The majority of this case's facts are undisputed. In 2012, William Ash, individually, owned 3,881 shares of Bancshares of Eastern Arkansas, Inc. He also held an equitable interest in 4,164 shares of Bancshares of Eastern Arkansas, Inc., as the sole beneficiary of the William Campbell Ash Trust. The William Campbell Ash Trust is an irrevocable spendthrift

trust that was funded by Ash's mother upon her death in 2011. First National Bank of Eastern Arkansas is the trustee of the William Campbell Ash Trust. We refer to First National Bank of Eastern Arkansas as "the bank" or "the trustee" throughout this opinion. Bancshares of Eastern Arkansas, Inc., is not a party to this case. The important point is that Ash owned some shares outright, but other shares were in an irrevocable spendthrift trust. No one disputes that, on 13 July 2012, Ash signed two documents at the bank: a stock certificate and a stock power. The parties do dispute what Ash intended to do by signing the documents and what legal effect his signatures have.

According to Ash, he was transferring the Bancshares stock he owned individually to a new trust—meaning a trust that was not the spendthrift trust his mother had funded. He explained that he met with attorney Phil Hickey at the bank "to set up a trust," that he was handed a document, thought it was the new trust, and signed it.[1] Two years passed, and Ash learned that, when he tried to liquidate some stock to secure money for a business investment, the bank believed the stocks to be in the spendthrift trust.

Brice Fletcher, chairman of Bancshares of Eastern Arkansas, Inc., and CEO of First National Bank of Eastern Arkansas, testified in his deposition that senior officers, including himself, "execute all stock certificates on behalf of the bank." He said that he had not talked with Ash about transferring stock individually to the bank as trustee of the irrevocable trust. He did not discuss the stock power with Ash and said that the transfer "was done because Will's financial responsibility has not shown where he could manage assets, and it was in his

---

[1] Hickey also represented the bank in some matters; he withdrew from representing Ash after it was apparent that he might be a witness in the case.

best interest to have perpetual income to help him have a pretty good life." Fletcher also said that Ash's family had "a long history" with the bank and agreed that the bank as trustee "can manage the money better than Will could himself." In the bank's view, the Bancshares stock is part of the corpus of the William Campbell Ash Trust, and the bank refuses to allow Ash to liquidate or otherwise access the Bancshares stock because it would "constitute a violation of [the bank's] duties as trustee."

In September 2014, Ash filed a complaint against the bank for breach of fiduciary duty, conversion, and replevin. He also asked the court to declare that the bank has no ownership interest in the 3,881 shares he owned individually nor did it have the right to "possess or control these shares, as trustee or otherwise," citing Arkansas's declaratory-judgment statute. Ash moved for summary judgment in January 2015; the bank moved for cross-summary judgment in October 2015.

A "Memorandum and Order" entered in February 2016 explained the circuit court's reasoning in granting summary judgment to the bank. The circuit court framed the issue as whether Ash had legally transferred his individually owned Bancshares stock to the bank as the trustee of the irrevocable trust. The court found that the stock power that Ash had signed on 13 July 2012 effectively transferred the stock. It wrote, in part,

> [T]he Court finds that pursuant to the plain language of the Stock Power Mr. Ash did in fact transfer his stock to First National Bank of Eastern Arkansas as Trustee for the William Campbell Ash Trust on July 13, 2012.
>
> The Court thus agrees with the Bank's position that the unambiguous terms of the Stock Power admittedly signed by Mr. Ash controls the disposition of this case. Judgment shall be for the Bank.

Ash appeals.

## II. *Discussion*

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Washington Cty. v. Bd. of Tr. of the Univ. of Ark.*, 2016 Ark. 34, at 3, 480 S.W.3d 173, 175. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *Id.* But in a case where the parties agree on the material facts, we determine whether the appellee was entitled to judgment as a matter of law. *Id.* When parties file cross-motions for summary judgment, as happened here, the parties essentially agree that there are no triable issues of fact remaining, and summary judgment is an appropriate means of resolving the case. *Smith v. Pavan*, 2016 Ark. 437, at 4–5. As to issues of law presented, our review is de novo. *Id.*

Here, Ash first argues that he never transferred his shares of Bancshares stock to the bank, because the stock certificate and stock-power documents he signed were ineffective to transfer the stock. The bank responds that the circuit court "correctly held that Ash transferred his shares to the Bank as Trustee of the Trust pursuant to the plain language of the Stock Power agreement and that, as the parties themselves agreed, this determination controlled the disposition of the case and defeated Ash's claims as a matter of law."

We hold that the circuit court erred as a matter of law when it determined that the stock power, standing alone, effectively transferred the stock and foreclosed all of Ash's claims under Arkansas law. The 3,881 shares of corporate stock at issue in this case are securities. *See* Ark. Code Ann. § 4-8-103(a) (Supp. 2015) ("A share or similar equity interest issued by a corporation, business trust, joint stock company, or similar entity is a security.")

The General Assembly adopted and enacted section 8 of the Uniform Commercial Code, and those statutes govern how a security is effectively transferred and whether an adverse claim is foreclosed. *See* Ark. Code Ann. §§ 4-8-101 to –603. Because it is apparent to us on this record that the circuit court did not decide the stock-power issue under the UCC, the better course is for the parties to argue, and the circuit court to decide, this case using Arkansas securities law. We therefore reverse and remand for proceedings consistent with this opinion. *See O'Neal v. Love*, 2015 Ark. App. 689, 476 S.W.3d 846 (reversing and remanding for reconsideration when the circuit court committed an error of law).

Reversed and remanded for proceedings consistent with this opinion.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Branch, Thompson, Warmath & Dale, P.A.*, by: *Robert F. Thompson III*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *M. Samuel Jones III*, for appellee.

SLIP OPINION