

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-1084

| | | |
|---|---|---|
| ADRIANNE O'NEAL | | **Opinion Delivered** May 24, 2017 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-14-2648] |
| V. | | |
| | | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ETHEL LOVE | | |
| | APPELLEE | REVERSED AND REMANDED ON DIRECT APPEAL AND ON CROSS-APPEAL |

**PHILLIP T. WHITEAKER, Judge**

Adrianne O'Neal appeals a Pulaski County Circuit Court order quieting title in favor of Ethel Love to certain real property in Pulaski County, Arkansas, and dismissing her unlawful-detainer action against Ethel. She contends the trial court erred (1) in concluding that Ethel was a bona fide purchaser for value; (2) in concluding that her claim for unlawful detainer was barred by the statute of limitations; (3) in reforming a 1999 quitclaim deed; (4) in concluding that Ethel adversely possessed part of the property not identified in the 1999 quitclaim deed; and (5) in denying her claim for an unlawful detainer. Ethel cross-appeals, arguing that while the trial court reached the right result, it should have found that she adversely possessed the property and that Adrianne's unlawful-detainer action was barred by the statute of limitations. We reverse and remand on Adrianne's direct appeal; we reverse and remand on Ethel's cross-appeal.

SLIP OPINION

We have this matter before us for a second time on appeal. *O'Neal v. Love*, 2015 Ark. App. 689, 476 S.W.3d 846 (*O'Neal I*). This case involves a land dispute between family members and concerns two deeds: a 1994 warranty deed that was not recorded until 2014 and a 1999 quitclaim deed. Ethel claims to have obtained title to the disputed property by virtue of the 1999 quitclaim deed from her brother, Herbert Love, or alternatively, by adverse possession. Adrianne, Herbert's daughter, claims that her mother, Gloria Love, obtained title from Herbert through the 1994 warranty deed and then transferred the property to her.[1]

In the initial appeal, the trial court quieted title in the property to Ethel and Adrianne as tenants in common with equal shares to the property. We concluded that Gloria and Herbert owned the property as tenants by the entirety by virtue of the 1994 warranty deed. We then ruled that the trial court erred as a matter of law in finding Ethel and Adrianne to be tenants in common. We reversed and remanded for consideration of Ethel's adverse-possession and bona fide purchaser claims.

On remand, the trial court received no new evidence. It only heard arguments of counsel concerning our decision in *O'Neal I* and then considered the evidence previously submitted and the law applicable to that evidence. Based on our decision in *O'Neal I*, the trial court found that Gloria became a 100 percent owner in the property upon Herbert's death based on the 1994 warranty deed, despite it being unrecorded until 2014. The trial court, however, then concluded that Ethel's actions with regard to the property were consistent with her being a bona fide purchaser for value, not an adverse possessor. The court

---

[1]A detailed recitation of the facts is presented in our previous opinion in *O'Neal I*.

found that, as a bona fide purchaser for value, Ethel was the sole and total owner of the property, quieted title in her name, and denied her adverse-possession claim.

The court then found that Adrianne's claim for unlawful detainer failed because Ethel had more than three years' peaceful and uninterrupted possession of the premises before the filing of the action. The court also reformed the deed to incorporate the entire legal description of the property, finding that, to the extent the deed was defective, Ethel had adversely possessed the other portion of the property not contained in the legal description.

Adrianne now appeals, arguing the trial court erred (1) in concluding that Ethel was a bona fide purchaser for value; (2) in concluding that her claim for unlawful detainer was barred by the statute of limitations; (3) in reforming the 1999 quitclaim deed; (4) in concluding that Ethel adversely possessed part of the property not identified in the 1999 quitclaim deed; and (5) in denying her claim for an unlawful detainer.

The standard of review for an appeal from a bench trial is whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Dye v. Diamante*, 2017 Ark. 42, at 3–4, 510 S.W.3d 759, 762. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* With this standard in mind, we now analyze the trial court's decision and the law on the issue of whether Ethel was a bona fide purchaser for value.

The court, in its written order, found that "every single thing that Ethel Love has done with the property in dispute, is consistent with her being a bona fide purchaser for value, but

inconsistent with an adverse possessor." The court then found that "on the counterclaim of Ethel Love, that since the deed of Gloria Love was not filed of record, she is a bona fide purchaser for value, that she is the sole and total owner of the property, and the title to the property is quieted in her name."

Adrianne challenges Ethel's status as a bona fide purchaser. As a general rule, our law holds that an instrument in writing affecting real property shall not be valid against a subsequent purchaser unless it is filed of record in the county where the real estate is located. *Wetzel v. Mortg. Elec. Registration Sys., Inc.*, 2010 Ark. 242. Here, it is undisputed that the 1994 warranty deed was unrecorded until 2014. However, there is an exception to this general rule: when a person is a bona fide purchaser for value. Adrianne argues that in order to be a bona fide purchaser of land in Arkansas, one must take property in good faith, for valuable consideration, and without notice of a prior interest. *Bill's Printing, Inc. v. Carder*, 357 Ark. 242, 161 S.W.3d 803 (2004). Our supreme court has previously held that a buyer is on notice if he or she is aware of such facts and circumstances as would put a person of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of those prior interests. *Id*. In fact, even where a purchaser does not have actual notice of a prior interest, the law may nevertheless charge him or her with notice where there is circumstantial evidence from which notice can be inferred as a fact. 92A C.J.S. *Vendor and Purchaser* § 557. Adrianne argues that Ethel was on notice in 1999 when she received the quitclaim deed from Herbert that he was a married individual and that this precludes her from

being a bona fide purchaser for value. We need not address this argument because we hold

that Ethel's interest obtained by the quitclaim deed is invalidated for other reasons.

Ethel obtained title to the property by quitclaim deed in 1999. Accordingly, she

obtained only such interest as Herbert had in the property at the time of the execution of the

quitclaim deed. In 1999, Herbert owned the property with Gloria as tenants by the entirety.

As a result, Gloria owned a survivorship interest in the property. Our supreme court has

previously ruled:

> Neither tenant by entirety can convey his or her interest so as to affect the right
> of survivorship in the other. The alienation by the husband of a moiety will not defeat
> the wife's title to that moiety if she survive him; but, if he survive, the conveyance
> becomes as effective to pass the whole estate as it would had he been sole seized at the
> time of the conveyance. The husband may do what he pleases with the rents and
> profits during coverture, but he cannot dispose of any part of the inheritance, without
> his wife's consent.

*Davies v. Johnson*, 124 Ark. 390, 187 S.W. 323 (1916) (quoting *Roulston v. Hall*, 66 Ark. 305,

309, 50 S.W. 690 (1899)). Thus, while Herbert could convey his interest in the property, he

could not convey away Gloria's right of survivorship. When Herbert died in 2004, Gloria

became sole owner of the property, thereby extinguishing any interest Ethel had through

conveyance by the quitclaim deed.

We will now consider the trial court's decision and the law on the issue of adverse

possession. To prove the common-law elements of adverse possession, a claimant must show

that he or she has been in possession of the property continuously for more than seven years

and that the possession has been visible, notorious, distinct, exclusive, hostile, and with the

intent to hold against the true owner. *Whittenburg v. Moody*, 2015 Ark. App. 464, at 7, 468

S.W.3d 786, 791; *Morrison v. Carruth*, 2015 Ark. App. 224, 459 S.W.3d 317. In 1995, the General Assembly added as a requirement for proof of adverse possession that the claimant prove color of title and payment of taxes on the subject property or contiguous property for seven years. *See* Ark. Code Ann. § 18-11-106 (Repl. 2003). Thus, proof of color of title is now necessary for a successful adverse possession. Ethel made a claim of quiet title by adverse possession based on the color of title in the 1999 quitclaim deed. The trial court indicated that a party cannot claim under both color of title and as an adverse possessor at the same time. This is simply incorrect. Beyond that, we note that the trial court made no specific findings of fact on the remedy of adverse possession. The court merely stated that Ethel's actions were that of a bona fide purchaser and were inconsistent with an adverse possessor.

Because a review of the elements of adverse possession would require factual findings not previously made by the trial court, we reverse and remand for reconsideration of Ethel's adverse-possession claim. Because the legal ownership of the property has yet to be determined and the other issues on appeal and cross-appeal are dependent on that determination, we are unable to reach the merits of those issues at this juncture.

Reversed and remanded on direct appeal and on cross-appeal.

VIRDEN and MURPHY, JJ., agree.

*Sanford Law Firm, PLLC*, by: *Josh Sanford*, for appellant.

*Bennie O'Neil*, for appellee.