PHILLIP T. WHITEAKER, Judge
This appeal arises from a decision of the Pulaski County Circuit Court determining ownership of certain real property located in Pulaski County as between two family members-Ethel Love and her niece, Adrianne O'Neal. The trial court denied Ethel's claim for adverse possession, concluding that Ethel's occupancy of the property had at all times been permissive. The court then granted Adrianne's claim for unlawful detainer, finding that Adrianne was the sole and exclusive owner of the property. Ethel appeals those findings. Because the trial court's finding of permissive use was clearly erroneous, we reverse and remand for further consideration of Ethel's adverse-possession claim.
This case is before us for the third time.[1] While our previous opinions set forth the facts in some detail, a brief review of those facts and the appellate history of this action are necessary for a complete understanding of the current posture of the case.
The property at issue here was originally owned by Herbert Love, individually. Herbert is Adrianne's father and Ethel's brother. During his lifetime, Herbert executed two seemingly conflicting deeds to the property.
Adrianne traces her ownership interest back to a 1995 deed from Herbert, which purportedly granted an interest in the property to her mother, Gloria Love. The 1995 deed was a warranty deed from Herbert Love and Gloria Love, husband and wife, to Herbert Love and Gloria Love. Although issued in 1995, the warranty deed was not recorded until October 2014. Before this deed was recorded, Gloria conveyed her interest in the property by quitclaim deed to Adrianne in June 2014.
Ethel, who has lived on the property since 1999, traces her ownership interest back to a 1999 quitclaim deed purportedly granting Herbert's interest in the property to her. When Herbert executed the quitclaim deed, however, he was still married to Gloria, although they were estranged at the time. After the conveyance, Herbert continued to live on the property with Ethel and did so until his death in 2004.
At the time of his death, Herbert was still married to, but estranged from, Gloria. Ethel remained on the property after *548 his death, paid taxes and insurance thereon, and made some improvements thereto. Gloria, however, took no action with regard to the property after Herbert's death until she executed the quitclaim deed to Adrianne in 2014. She never requested that the property be assessed in her name after Herbert's death; she never paid the property taxes, insurance, or utilities on the property; she never performed any maintenance or repairs; and she never asked Ethel to vacate the property.
The current dispute arose in 2014 when Adrianne served Ethel with a notice to vacate and intent to issue a writ of possession, and Ethel refused to vacate the property. When Ethel refused, Adrianne filed an action for unlawful detainer against Ethel. Ethel denied the action, claiming to be the title owner to the property. She also defended based on multiple theories including adverse possession, statute of limitations, and the theory of being a good-faith purchaser. Ethel additionally filed a counterclaim seeking to quiet title alleging (1) fee-simple ownership by exclusive possession under a claim of right and payment of taxes since 1999; (2) adverse possession since 1999; and (3) that Gloria had abandoned any homestead rights or dower interest in the property by failing to assert them within the applicable limitations period.[2] Adrianne responded by denying the counterclaim. The trial court quieted title in the property to both Ethel and Adrianne as tenants in common with equal shares to the property. All other claims of the parties were denied and dismissed with prejudice. Both sides appealed.
In the initial appeal, O'Neal v. Love , 2015 Ark. App. 689, 476 S.W.3d 846 ( O'Neal I ), we concluded that Gloria and Herbert owned the property as tenants by the entirety by virtue of the 1995 warranty deed. We then ruled that the trial court erred as a matter of law in finding Ethel and Adrianne to be tenants in common. We reversed and remanded for consideration of Ethel's adverse-possession and bona-fide-purchaser claims.
Following our decision in O'Neal I , the trial court on remand found that Gloria became the sole owner of the property upon Herbert's death based on the 1995 warranty deed, despite it being unrecorded until 2014. The trial court, however, then concluded that Ethel's actions with regard to the property were consistent with that of a bona fide purchaser for value, not of an adverse possessor. The court found that as a bona fide purchaser for value, Ethel was the sole and exclusive owner of the property, quieted title in her name, and denied her adverse-possession claim.[3]
Adrianne appealed the trial court's order. In the second appeal, O'Neal v. Love , 2017 Ark. App. 336, 523 S.W.3d 381 ( O'Neal II ), we again reversed the decision of the trial court. We held that when Ethel obtained title to the property by quitclaim deed in 1999, she only obtained such interest as Herbert had in the property at the time of the execution of the quitclaim deed. At that time, Herbert owned the property with Gloria as tenants by the entirety. Thus, when Herbert died in 2004, his interest (and therefore Ethel's interest as a bona fide purchaser) in the property was extinguished, and Gloria became the sole *549 owner of the property. We then remanded for the trial court to reconsider Ethel's adverse-possession claim.
On remand from O'Neal II , the trial court denied Ethel's adverse-possession claim, finding that she had moved onto the property at the invitation of and with the permission of Herbert; that Ethel admitted her occupation of the property was permissive; and that the permission was not withdrawn until the notice to vacate was posted on June 26, 2014. The court noted that Ethel never took any action to communicate or indicate to Gloria that she intended to adversely possess the property and that Gloria was never placed on notice of Ethel's intent to adversely possess the property. The court further noted that there was no evidence regarding the value of any repairs made to the property or the amount of insurance or utilities that were paid following the death of Herbert. The court then found that Gloria had transferred her interest in the property to Adrianne in 2014 and that Adrianne withdrew permission for Ethel to reside on the property. Based on these findings of fact, the court concluded that Ethel was at all times a tenant on the property and that her occupancy of the property did not become adverse until June 26, 2014, when the notice to vacate was posted. As such, Adrianne's claim was not barred by the statute of limitations and her action for unlawful detainer was timely. The trial court further ruled that, because Ethel's occupancy of the property before June 26, 2014, was permissive, her adverse-possession claim-particularly that her possession of the property was hostile and with the intent to hold against the true owner-failed. As a result, the court concluded that Adrianne was the sole and exclusive owner of the property and granted her claim for unlawful detainer against Ethel.
Ethel now appeals, arguing that the trial court erred in finding that her possession of the property was permissive. In adverse-possession and quiet-title actions, we conduct a de novo review on the record. Morrison v. Carruth , 2015 Ark. App. 224, at 2, 459 S.W.3d 317, 319. We will not reverse a finding of fact by the trial court unless it is clearly erroneous. Id. In reviewing a trial court's findings of fact, this court gives due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. Strother v. Mitchell , 2011 Ark. App. 224, 382 S.W.3d 741. We do not, however, defer to the trial court on a question of law. Peavler v. Bryant , 2015 Ark. App. 230, 460 S.W.3d 298.
The trial court here found that Ethel had moved onto the property at the invitation of Herbert and with his permission and that the permissive nature of her possession was never revoked. As a result, the trial court concluded that Ethel's occupancy of the property was not hostile or adverse for purposes of claiming adverse possession. We conclude this finding is clearly erroneous.
In 1999, Herbert deeded the property in question to Ethel pursuant to a quitclaim deed. At that time, Ethel became an owner of the property. Thus, Ethel's possession of the property was not as a permissive user as found by the trial court, but as that of an owner. When Herbert died in 2004, Ethel's ownership interest in the property was extinguished. Despite Herbert's death and the extinguishment of her ownership interest, Ethel continued to reside on the property, maintain it, improve it, assess it, and pay taxes on it. Upon Herbert's death, Gloria, by virtue of her position as a tenant by the entirety, became the sole owner of the property in question. Despite Gloria's ownership, Gloria never explicitly gave *550 Ethel permission to remain on the property. Based on the foregoing, we agree that the trial court's finding that Ethel's possession of the property was permissive is clearly erroneous.
Because the trial court found that Ethel's use was permissive, the court did not consider whether Ethel's continued possession of the property after Herbert's death became adverse as to Gloria. To prove the common-law elements of adverse possession, a claimant must show that he or she has been in possession of the property continuously for more than seven years and that the claimant's possession has been visible, notorious, distinct, exclusive, hostile, and with the intent to hold against the true owner. Id. It is ordinarily sufficient proof of adverse possession that the claimant's acts of ownership are of such a nature as one would exercise over his or her own property and would not exercise over the land of another. Id. Whether possession is adverse to the true owner is a question of fact. Id. When a landowner takes possession of land under the belief that he or she owns it, encloses it, and holds it continuously for the statutory period under claim of ownership, without recognition of the possible right of another on account of mistake, such possession is adverse and hostile to the true owner. Smith v. Boatman , 2017 Ark. App. 488, at 6, 529 S.W.3d 254, 258 ; Dickson v. Young , 79 Ark. App. 241, 85 S.W.3d 924 (2002) (citing Davis v. Wright , 220 Ark. 743, 249 S.W.2d 979 (1952) ; Butler v. Hines , 101 Ark. 409, 142 S.W. 509 (1912) ). Additionally, in 1995, the General Assembly added as a requirement for proof of adverse possession that the claimant prove color of title and payment of taxes on the subject property or contiguous property for seven years. Ark. Code Ann. § 18-11-106 (Repl. 2015). Because the court did not consider the remaining adverse-possession factors, we reverse and remand for the trial court to reconsider Ethel's adverse-possession and quiet-title claims.
Reversed and remanded.
Klappenbach and Hixson, JJ., agree.

O'Neal v. Love , 2015 Ark. App. 689, 476 S.W.3d 846 ; O'Neal v. Love , 2017 Ark. App. 336, 523 S.W.3d 381.

Ethel subsequently amended her counterclaim to include a request for damages to recover for improvements and taxes paid on the property in the event the court did not quiet title in her name. Adrianne again denied the allegations in the amended counterclaim.

The court also denied Adrianne's claim for unlawful detainer and reformed the deed in Ethel's favor, to the extent the deed was defective, under the theory of adverse possession.